Submitted on briefs March 13; appeal dismissed May 1, 1934

HAY *v.* YOKELL ET AL.

(32 P. (2d) 578)

*Eugene C. Libby,* of Portland, for appellant.

No appearance for respondent.

BAILEY, J. This proceeding was instituted by Ida Delphine Hay as plaintiff against Frank Allen Yokell, Frank Allen Yokell as executor of the estate of Jennie B. Yokell, deceased, Ruth Hay, Lindell Hay and Barbara Hay as defendants, to procure a construction of the joint and mutual will and codicil of George Yokell and Jennie B. Yokell, his wife, both deceased. Frank Allen Yokell is the brother of Ida Delphine Hay, and the other individual defendants are her children.

██ On March 5, 1912, George Yokell and Jennie B. Yokell, his wife, executed a joint and mutual will wherein each of them devised and bequeathed to the survivor all property, "both real and personal, of whatsoever kind and wheresoever situated, of which we may die possessed, for the use and benefit of the survivor of either of us during his or her life; subject to said life estate in the survivor of either of us to our beloved children, Frank Allen Yokell and Ida Delphine Yokell, in equal shares, share and share alike".

Ten years later the testators executed a codicil in the following language:

"We, the undersigned, make this *edition* to our will: Ida Delphine, now Ida Delphine Hay, her share of the estate is to be held in trust for her & children by Frank Allen Yokell, to be given to them as he thinks they need it to be used for them only said Frank Allen Yokell to act as guardian and administrator without bonds."

George Yokell died on September 10, 1928, and Jennie B. Yokell died June 12, 1929.

After this proceeding was started, upon the petition of the plaintiff, the attorney for the defendant Frank Allen Yokell, individually and as executor of the estate of Jennie B. Yokell, deceased, was appointed guardian *ad litem* for the three minor children of the plaintiff, who were made defendants in this proceeding. It was the contention of the plaintiff that the codicil was so indefinite and uncertain that it could not be enforced and that therefore she was entitled under the provisions of the will to a one-half interest in the estate of her late mother. The minors claimed that according to the codicil they were entitled to one-half of the share of the estate which by the terms of the will,

had not the codicil been executed, would have become the property of their mother, free and clear of any trust in their uncle, Frank Allen Yokell.

The case was tried by the court on the pleadings, with resulting judgment and decree entered to the effect that by the terms of the codicil Frank Allen Yokell was the owner of an undivided one-half interest in his mother's estate and held the other half as trustee for his sister, and that the children of the latter had no interest therein. From this judgment and decree the plaintiff on May 26, 1933, served and filed her notice of appeal.

Thereafter, on July 8, 1933, August 7, September 7, October 6 and November 7 of the same year, the attorneys for the parties caused to be filed stipulations providing "that the time for filing the transcript on appeal in the above entitled matter may be extended to and including" the dates specified respectively in the several stipulations. No order, however, except as hereinafter mentioned, was entered concerning those stipulations. On November 21, 1933, a motion was filed by attorneys for the respective parties requesting the court "for orders *nunc pro tunc* approving the stipulations heretofore entered into between the parties hereto", referring to the dates of the several stipulations, and further stating that the motion was based on the joint affidavit of the said attorneys. The affidavit set forth that the assets of the estate involved consisted solely of real property; that notice of appeal had been given on a certain date; "that none of the heirs under the will have had necessary funds with which to finance such an appeal; and that ever since the entry of the judgment herein the parties hereto have been endeavoring to raise funds to finance the appeal through mortgaging some of the real property

of the estate, which efforts finally were successful on November 15, 1933''. The affidavit further stated that ''due to the delay in procuring such funds, it was necessary from time to time to file stipulations providing for further time in which to file the transcript''; and that ''orders should have been made as a matter of course expressing the court's approval of such stipulations for further time, but were not presented to the judge for his signature''.

Based on said motion and affidavit, the court on November 21, 1933, entered an order which stated, among other things, that ''it appearing to the court that such orders should have been made as a matter of course and as a legal duty, * * * now, therefore, it is ordered that this court approves the stipulations for extensions of time'', mentioning the dates of the stipulations, ''providing for further time within which to file with the supreme court of this state the transcript of appeal pursuant to notice of appeal entered on the 27th day of May, 1933, as of the dates of said stipulations, to-wit:'' here setting forth said dates.

The order entered on November 21, 1933, expresses only the approval by the court of the stipulations of the parties for extension of time for filing the transcript with the clerk of this court. It does not purport to take the place, and be entered as, of the various dates when the several stipulations were filed. In fact, it is difficult to see how such order could in its entirety have been entered *nunc pro tunc* as of those different dates. The circuit court did not, on November 21, 1933, or at any other time, attempt to make a separate order for each of the numerous extensions of time and have such orders entered as of and within the time allowed by law for filing the transcript.

There is, however, a more serious objection to the effectiveness of the order of November 21, 1933. The trial court was never requested until the date of the last mentioned order to "approve" the stipulations, previously filed, consenting to an extension of time in which to file the transcript, nor had the court, at any time prior thereto, been asked for orders for such extensions. All that had previously been done was the filing of the stipulations.

Section 7-507, Oregon Code 1930, requires that within thirty days after the appeal has been perfected the appellant shall file the transcript with the clerk of the supreme court, and that unless the same is filed within said time the appeal shall be deemed abandoned "and the effect thereof terminated". The trial court or the supreme court, however, "may, upon such terms as may be just, by order enlarge the time for filing the same, but such order shall be made within the time allowed to file transcripts".

This court, in *Kelly v. Pike*, 17 Or. 330 (20 P. 685), after calling attention to the provision of the above statute authorizing the court to extend, by order, the time within which to file the transcript, and pointing out that the statute requires such order to be made "within the time allowed to file the transcript", said:

"In view of the latter provision, this court would hardly undertake to hold that it had authority after the expiration of the time there specified to enlarge the time for filing the transcript. A court can not create jurisdiction for itself; it must be conferred by law, and the mode pointed out whereby it may be acquired must be substantially complied with, in order to obtain it. We would have as much right to enlarge the time for the service of the notice of appeal as we would to enlarge the time for filing the transcript after the time specified in the code had expired. It would be extrajudicial in either case."

In the case of *Davidson v. Columbia Timber Company,* 49 Or. 577 (91 P. 441), the judgment was recovered on November 3, 1906, at which time the defendant gave notice of appeal in open court. The transcript, however, was not filed until April 15, 1907. Before the time had elapsed in which to file the transcript in this court, the parties to the litigation had stipulated for an order extending the time until the date when the transcript actually was filed, but no order was made in accordance with that stipulation. In passing upon the motion to dismiss the appeal this court held that the filing of the transcript within the time allowed by statute, or extension thereof by order of the court made within such time, was jurisdictional and could not be dispensed with by consent of the parties, nor could this court "permit the transcript to be filed after the expiration of the time, whatever reason may have occasioned the neglect". At the hearing on the motion the appellant produced and asked permission to file a certified copy of an order of the trial court dated July 20, 1907, which was as follows:

"It appearing to the court that on the 20th day of March, 1907, a stipulation was signed by the plaintiff and defendant's attorneys extending the time in which to file a transcript on appeal in the supreme court until April 15, 1907, and it further appearing that no order was entered by the court at that time upon said stipulation, it is now ordered that the time in which to file the transcript in said cause in the supreme court be and the same is hereby extended until April 15, 1907, and it is further ordered that this order be entered on the journal of this court as on March 20, 1907."

This court, in passing upon that question, said:

"This record does not show that an order enlarging the time was in fact made 'within the time allowed

to file the transcript'. It recites the stipulation of the parties, and that no order was entered by the court in accordance therewith, and then continues, 'It is now (July 20, 1907) ordered that the time be extended,' etc., clearly indicating a previous date, but which the clerk had failed to enter of record, it should be entered as of the date when made. If an order extending the time in which to file the transcript had actually been made, but not entered of record, it would have been proper for the court to have directed an entry *nunc pro tunc,* as of the proper date; but it had no authority to make such an order after the time for filing the transcript had expired, and direct it to be entered as of a previous date. An extension of time in which to file a transcript must be secured before the time has expired. Talmadge v. Hooper, 37 Or. 503 (61 P. 349, 1127)."

The foregoing decision was approved and followed by this court in *Western Loan Company v. Sphier,* 93 Or. 677 (184 P. 496).

The supreme court of Arkansas in *Cox v. Gress,* 51 Ark. 224 (11 S. W. 416), which case has often been referred to by the courts of other states, including Oregon (*Cranston v. Stanfield,* 123 Or. 314 (261 P. 52)), on the subject of *nunc pro tunc* orders, said: "Such an order is effective only when it records a previously omitted truth—it does not create, but only speaks what has been done."

See, in this connection: *Frederick & Nelson v. Bard,* 66 Or. 259 (134 P. 318); *National Council v. McGinn,* 70 Or. 457 (138 P. 493).

The affidavit forming a part of the motion for the order of November 21, 1933, and the recital in the order based thereon state that orders should have been entered by the court, at the time the stipulations for extensions of time were filed, "as a matter of course"

and "as a legal duty". The statute expressly provides that the "trial court or the judge thereof, may, upon such terms as may be just, by order enlarge the time for filing" the transcript: § 7-507, subsection 2, Oregon Code 1930. The signing of such orders is therefore discretionary, and there is no merit in the contention that the orders here involved should have been signed as a "matter of course" or as "a legal duty".

We are advised that this is a "friendly suit" and that the sole purpose of this appeal is to procure a decision so that the estate may be closed. As already stated, appellant's children were, by the circuit court, denied any right to any part of the estate. No attempt, however, has been made by their guardian *ad litem* or by plaintiff's brother, who is the executor of the joint will and also the alleged trustee of one-half of the estate, to appeal from such adverse ruling. The guardian *ad litem* for these minors appeared in the circuit court as attorney for them and for the plaintiff's brother. For some reason not disclosed he does not appear here on behalf of any of the defendants. He evidences no hostility toward the plaintiff's appeal and in fact seems disposed to favor her to the apparent detriment of his own clients' interests. The case is submitted for a decision on the brief of the appellant alone, thus depriving us of a fair presentation of the issues involved.

In the joint affidavit filed on November 21, 1933, in the circuit court, the attorney for the defendants joined in the statement that none of the heirs under the will has "had necessary funds with which to finance an appeal; and that ever since the entry of the judgment herein the parties hereto have been endeavoring to raise funds to finance the appeal through mortgaging some of the real property of the estate".

With the record in this condition, we are requested to ignore the jurisdictional question above referred to and assist in overthrowing the codicil. In fairness to the interests of the minor children an appeal should have been prosecuted on their behalf. This court would then be in a position to construe the will and codicil thereto, and any decision which it might render would not then be limited as in the present appeal, were that to be decided on the merits. There would seem to be no good reason why the attorney for the minors and the trustee should be much more interested in mortgaging the real property of the estate to aid plaintiff in her appeal than in looking after the interests of his clients, especially the minors, who are dependent upon his services as their attorney and guardian *ad litem*. Inasmuch as it has been intimated in the brief filed by the appellant in opposition to the dismissal of this appeal that it will be necessary to institute some further proceeding to determine the rights of the parties litigant, in the event that this appeal is dismissed, we have deemed it advisable to remind counsel that the rights of the minors should, in such proceeding, not be overlooked.

Since the transcript was not filed within the time provided by law, this court has acquired no jurisdiction over the subject-matter involved herein, and this appeal is hereby dismissed.

KELLY, J., not participating in this decision.