Argued and submitted March 6, the decision of the Court of Appeals reversed and
remanded to the Court of Appeals for further proceedings August 30, 1990

# Joanne GILLESPIE,
## Alan Cummings and Naomi Cummings,
*Respondents on Review,*

*v.*

## Mary A. KONONEN,
*Petitioner on Review.*

### (TC CSC 88-0481; CA A49273; SC S36540)

797 P2d 361

Anthony L. Worth, Pendleton, argued the cause and filed
the petition for petitioner on review. With him on the petition
was Peter Fels, Pendleton.

Joanne Gillespie, Portland, argued the cause *pro se* for respondent on review.

No appearance for respondents on review Alan and Naomi Cummings.

Before Peterson, Chief Justice, and Carson, Jones,** Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

VAN HOOMISSEN, J.

---

** Jones, J., resigned April 30, 1990.

## VAN HOOMISSEN, J.

The issue in this FED action is whether the Court of Appeals has jurisdiction over a case in which the trial judge has refused to enter a final judgment. We conclude that the Court of Appeals does have jurisdiction.

Defendant Kononen was a tenant in an apartment owned by Gillespie and managed by plaintiffs Cummings. On June 8, 1988, the Cummings sent Kononen a "72-hour Notice To Pay Rent or Move," *former* ORS 91.820(2) (now ORS 90.400(2)), and on June 13, 1988, the Cummings initiated this FED action in their own names only.

■ On June 21, 1988, the parties made a first appearance before the trial judge. The Cummings appeared *pro se;* Kononen was represented by Oregon Legal Services Corporation.[1] At that time, Kononen moved to dismiss the action on procedural grounds,[2] and asked for attorney fees pursuant to *former* ORS 91.755.[3] The trial judge continued the matter to give the Cummings an opportunity to obtain counsel. After consulting with Gillespie, the Cummings moved for an order of dismissal. The trial judge signed an order of dismissal on June 22, 1988.[4]

On June 30, 1988, Kononen moved for an award of attorney fees pursuant to *former* ORS 91.755. The Cummings

---

[1] Kononen's fees and costs were waived. ORS 21.605.

[2] Defendant's motion to dismiss was based on ORCP 21A(6) (failure to prosecute in the name of Gillespie, the real party in interest) and ORCP 21A(8) (failure to state ultimate facts sufficient to constitute a claim; *i.e.,* that the 72-hour notice failed to comply with the requirements of *former* ORS 91.820(2) because the payment demanded included a late payment fee).

[3] *Former* ORS 91.755 (now ORS 90.255) provided:

"In any action on a rental agreement or arising under ORS 91.700 to 91.895 [The Residential Landlord and Tenant Act], reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursement, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

While the language of the statute is permissive, barring unusual circumstances a prevailing party normally is entitled to recover fees. *Executive Mgt. Corp. v. Juckett,* 274 Or 515, 519, 547 P2d 603 (1976).

[4] Although the Cummings initiated the FED action in their own names only, Gillespie is named as lead plaintiff on the June 22, 1988, order of dismissal and in all subsequent documents.

did not object to Kononen's motion. On July 5, 1988, the trial judge signed an order (on a form provided by Kononen) stating:

> "IT IS HEREBY ORDERED that a judgment shall be entered against the Plaintiffs * * * in favor [of] the Defendant for attorney fees and costs in the amount of $ .00 ."

Kononen appealed only the denial of attorney fees.[5]

On April 14, 1989, the Court of Appeals concluded that it lacked jurisdiction of Kononen's appeal because no final judgment had been entered in the case:

> "This appeal is taken from an order denying defendant's request for an award of attorney fees in the trial court. Generally, an order denying an award of attorney fees is appealable under ORS 19.010(2)(c) and ORS 20.220. However, both statutes are predicated on the existence of a final judgment to which the request for attorney fees would relate. In this case, the trial court entered an order of dismissal rather than a judgment. *See,* generally, *City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983).

> "The court determines that the trial court intended to enter final judgment. In lieu of dismissing the appeal for lack of a final judgment, pursuant to ORS 19.033(4),[6] the Court gives the trial court leave, on motion of any party, to enter a judgment. If the trial court enters a judgment, appellant shall notify this court and provide a copy of the judgment showing the date of entry thereof. Upon receipt of a copy of the judgment, the appeal will proceed. The appeal will be held in abeyance pending receipt of a copy of the judgment. If the

---

[5] We treat the trial judge's July 5, 1988, order as a denial of Kononen's motion for attorney fees.

Gillespie's *pro se* briefs and arguments had been confined solely to the issues of whether "unusual circumstances" were present in the trial court and whether Kononen's requested attorney fees were "reasonable."

[6] ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

appellant does not file a copy of a judgment entered in this case within 45 days of the date of this order, the court will dismiss this appeal for lack of prosecution and without further notice to the parties."

On remand to the trial court, Kononen moved the trial judge to enter a final judgment in the action so that she could obtain appellate review of the denial of her request for attorney fees. By letter dated June 5, 1989, the trial judge refused to enter a judgment explaining:

"The Court, after reviewing the material submitted to it, and after considering the arguments presented to the Court by both plaintiff and defendant, the Court [*sic*] is persuaded that the plaintiff's request for a dismissal was presented to the Court upon a continuance of the FED first appearance, and that at that period in time, there was not an answer filed by the defendant. Therefore, this matter was never at a trial status. Therefore, the Court is taking the position that a dismissal of the complaint on file was an end to this case and therefore that will be the ruling on this case."

The trial judge entered an order on June 12, 1989, stating:

"This matter coming before the Court on the motion of the Defendant for a judgment order [*sic*], and the Court having considered the arguments of the parties, the Court hereby finds that Plaintiffs' request for a dismissal was presented to the Court upon a continuance of the FED first appearance, and at that period in time, there was not an answer filed by the Defendant. Therefore, this matter was never at a trial status. The Court further finds that a dismissal of the complaint on file was an end to this case, and

"IT IS HEREBY ORDERED that Defendant's motion for entry of judgment is DENIED this 12 day of June, 1989, *nunc pro tunc* June 23, 1988."[7]

---

[7] We do not understand why the trial judge entered his June 12, 1989 order "*nunc pro tunc* June 23, 1988." The function of a *nunc pro tunc* entry is to make a record of what was previously done, but not then entered; not to make an order now for then, but to enter now for then an order previously made. The purpose of a *nunc pro tunc* order is to supply an omission in the record of action actually taken but omitted from the record through inadvertence or mistake, or to enter an order which should have been made as a matter of course and as a legal duty. *Wells v. Wells,* 262 Or 44, 61, 496 P2d 718 (1972). Such an order is effective only when it records a previously omitted truth—it does not create, but only speaks what has been done. *Hay v. Yokell,* 147 Or 148, 154, 32 P2d 578 (1934). *Accord Cranston v. Stanfield et al,* 123 Or 314, 319, 261 P 52 (1927).

From this record, we conclude that the trial judge intends *never* to enter a judgment. The Court of Appeals subsequently allowed Kononen's motion to supplement the record on appeal to include the trial judge's June 12, 1989, order denying Kononen's motion for entry of a judgment.

On August 30, 1989, the Court of Appeals dismissed Kononen's appeal, explaining:

"In *City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983), the court described the difference between an order dismissing a case and a judgment that finally disposed of the action. An order is not a judgment and cannot take the place of or be substituted for a judgment. ORCP 67A; ORCP 70A. Even if the trial court intended its [June 23, 1988] order of dismissal to be final, it is not a final judgment.

"We do not have jurisdiction to review an order denying attorney fees that is not based on a final judgment. Because a final judgment has not been entered, we have no alternative but to dismiss the appeal. We realize that this places appellant in a difficult position. However, this is not a mandamus proceeding, and we do not have supervisory authority over trial courts and cannot order a recalcitrant trial judge to sign a judgment. We can only reverse, affirm, modify or remand a judgment or final order. We gave the court leave to enter a judgment; it declined to do so. We lack jurisdiction to proceed with the appeal." *Gillespie v. Kononen,* 98 Or App 62, 64-65, 778 P2d 963 (1989).

## ANALYSIS

We originally allowed review in this case to consider whether the Court of Appeals was correct in asserting that it has no supervisory authority over trial judges in circumstances such as those presented in this case. It may well be that the court does have some authority, inherent in the judicial function under Article VII (Amended), section 1, of the Oregon Constitution, or derived from the 1969 statute creating the court[8] or from the 1977 statute giving the court exclusive jurisdiction of most appeals,[9] or from ORS 19.033(4), or from some combination of those sources, to enter orders designed to preserve or vindicate its own jurisdiction. We conclude, however, that it would be inappropriate for us to

---

[8] Or Laws 1969, ch 198; now ORS 2.510.

[9] Or Laws 1977, ch 158; now ORS 2.516.

decide that question in this case. Defendant did not assign as error the Court of Appeals' express refusal to recognize any authority. Therefore, the question has not been briefed or argued in this court. Because a resolution of that question is not necessary to a decision here, we turn to the merits of the issue the Court of Appeals did decide.

■ Kononen asks this court to reverse the Court of Appeals' conclusion that on these facts it lacked jurisdiction to review the trial judge's July 5, 1988, order denying her attorney fees. She first argues that that order is appealable as "[a] final order affecting a substantial right, and made in a proceeding after judgment * * *," ORS 19.010(2)(c). That contention, however, depends on a finding that a "judgment" has been entered in the underlying action. The Court of Appeals correctly found that no "judgment" had been entered.

Kononen next argues that the trial judge's July 5, 1988, order denying her attorney fees is appealable under ORS 19.010(2)(a), which provides:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

That statute provides an exception to the general rule that an appeal may be taken only after the entry of a "judgment."

ORCP 67A provides:

" 'Judgment' as used in these rules is the final determination of the rights of the parties in an action; judgment includes a decree and a final judgment entered pursuant to section B. or G. of this rule. 'Order' as used in these rules is any other determination by a court or judge which is intermediate in nature."

ORCP 70A provides in part:

"Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document."

Though ORCP 70A requires that every judgment shall be in writing plainly labeled as a "judgment," ORS 19.010(2) provides that for the purpose of being reviewed on appeal, a limited class of documents not labeled "judgment" "shall be deemed a judgment." We therefore must decide whether the

trial judge's July 5, 1988, order denying Kononen's motion for attorney fees should be deemed a "judgment" for the purpose of being reviewed on appeal.

■    We reject Kononen's contention that the trial judge's July 5, 1988, order denying attorney fees was "[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein." ORS 19.010(2)(a). Notwithstanding plaintiffs' and the trial judge's intent that the June 23, 1988, order of dismissal be an end to this FED action, that order would not have prevented plaintiffs from timely filing a new FED complaint, in which event not only the merits of the complaint but also the question of attorney fees again would have been in issue. Under *former* ORS 91.755, a final judgment is a requirement for an award of attorney fees. The Court of Appeals' April 14, 1989, order gave Kononen an opportunity to remedy that jurisdictional defect.

■    On the other hand, we agree with Kononen that the trial judge's June 12, 1989, order denying her motion for entry of a judgment, although not labeled a "judgment," should be "deemed a judgment" *for the purpose of being reviewed on appeal* under ORS 19.010(2)(a). Clearly, it is an order "affecting a substantial right," and "which in effect determines the action * * * *so as to prevent a judgment * * * therein.*"[10] Under ORS 19.010(1), a judgment may be reviewed on appeal, *inter alia,* under ORS 19.140, which provides in part:

> "Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from * * *."

The trial judge's July 5, 1988, order denying defendant attorney fees was an "intermediate order * * * necessarily affecting the judgment." The Court of Appeals therefore had jurisdiction over both the appeal and that order.

The decision of the Court of Appeals is reversed. Remanded to the Court of Appeals for further proceedings.

---

[10] No additional notice of appeal was required. ORS 19.033(4).

## APPENDIX

The following dates and action are relevant to this review:

| | | |
|---|---|---|
| June 13, 1988 | — | FED complaint filed. |
| June 21, 1988 | — | First appearance by parties. Defendant's motion to dismiss and for attorney fees. Continuance granted to allow plaintiffs to obtain counsel. |
| June 23, 1988 | — | Plaintiff's motion for dismissal. Order of dismissal. |
| June 30, 1988 | — | Defendant's motion for attorney fees. |
| July 5, 1988 | — | Order granting defendant attorney fees and costs in the amount of "$.00." |
| August 4, 1988 | — | Defendant's appeal. |
| April 14, 1989 | — | Court of Appeals ORS 19.033(4) order. |
| June 12, 1989 | — | Order denying defendant's motion for entry of judgment. |
| August 30, 1989 | — | Court of Appeals dismissed defendant's appeal for lack of jurisdiction. |