Argued and submitted May 8, 1991, the Court of Appeals decision on reconsideration and order of dismissal reversed and case remanded to the Court of Appeals for further proceedings February 13, 1992

Robert H. BAUGH,
Nick N. Westlund, William P. Dorsey
and Jean Patterson,
as Executrix of the Estate of
Harlan W. Patterson, individually,
*Petitioners on Review,*

*and*

DOES ONE through THIRTY,
*Plaintiffs,*

*v.*

BRYANT LIMITED PARTNERSHIPS I through XV,
Hillshire Trusts I through XV,
Pacific Northwest Trust Co.
and Does One through Forty-five,
*Respondents on Review,*

*and*

David L. BRYANT,
*Respondent on Review,*

Robert H. BAUGH,
Nick N. Westlund, William P. Dorsey
and Jean Patterson,
as Executrix of the Estate of
Harlan W. Patterson, individually,
*Petitioners on Review,*

*and*

DOES ONE through THIRTY,
*Plaintiffs,*

*v.*

BRYANT LIMITED PARTNERSHIPS I through XV,
David L. Bryant, Hillshire Trusts I through XV
and Does One through Forty-five,
*Respondents on Review,*

*and*

PACIFIC NORTHWEST TRUST CO.,
*Defendant-Respondent.*

(CC 86-1-357; CA A48114; SC S37859)

825 P2d 1383

John C. Caldwell, of Hibbard, Caldwell, Bowerman & Schultz, Oregon City, argued the cause and filed the petition for petitioners on review.

David C. Force, of Vick & Gutzler, Salem, argued the cause and filed the response for the respondent, David L. Bryant, on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

■ This case presents the issue whether Oregon statutes require that a notice of appeal be filed within 30 days after entry in the trial court register of an appealable judgment entered pursuant to ORS 19.033(4),[1] before the Court of Appeals has jurisdiction to decide the merits of the appeal. We hold that the statutes do not require that a notice of appeal be filed within 30 days after the entry of such an appealable judgment for the Court of Appeals to have jurisdiction to decide the merits of the appeal. Accordingly, we reverse the order of the Court of Appeals that dismissed plaintiffs' appeal for failure to file a timely notice of appeal from an appealable judgment entered pursuant to ORS 19.033(4).[2]

In November 1988, the trial court entered a "judgment" for defendants. Plaintiffs timely appealed, and defendants timely cross-appealed. In September 1989, the Court of Appeals determined that the trial court "judgment" was a "judgment * * * defective in form" and, pursuant to ORS 19.033(4), granted the trial court leave to enter an appealable judgment. *Baugh v. Bryant Limited Partnerships*, 98 Or App 419, 427, 779 P2d 1071 (1989). The Court of Appeals stated in part:

"It appears, however, that the trial court intended to enter a [final] judgment, and we therefore grant it leave under ORS 19.033(4) to enter an appealable judgment, on the motion of any party, within 21 days of the effective date of this decision. The case will be held in abeyance until the entry of an appealable judgment and until the parties thereafter file amended notices of appeal and cross-appeal. If they do not do so within 45 days of the entry of an appealable judgment, we will dismiss the appeal or cross-appeal for want of prosecution." 98 Or App at 426-27 (footnote omitted).

---

[1] ORS 19.033(4) provides in part:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form * * *"

[2] Related cases also decided this date are *Fisk v. Bartley*, 312 Or 669, 825 P2d 1389 (1992), and *Jones-Clark v. Severe*, 312 Or 666, 825 P2d 1388 (1992).

On October 20, 1989, the trial court entered an amended ORCP 67B judgment.[3] On December 1, 1989, plaintiffs filed an amended notice of appeal and defendants filed an amended notice of cross-appeal. That is, the amended notices were filed more than 30 days but less than 45 days after the entry of the amended judgment in the trial court register.

On January 8, 1990, the Court of Appeals dismissed both the appeal and the cross-appeal, citing ORS 19.023. The reason stated for dismissal was that the amended notices of appeal were not filed within 30 days after entry of the amended judgment and that, therefore, the Court of Appeals lacked jurisdiction over the appeal.[4] Plaintiffs petitioned for reconsideration of that dismissal.

On reconsideration, the Court of Appeals, sitting *en banc*, affirmed the dismissals. *Baugh v. Bryant Limited Partnerships*, 104 Or App 665, 803 P2d 742 (1990). The court held that, in a case in which the original notice of appeal was filed prematurely and the trial court was given leave pursuant to ORS 19.033(4) to enter an appealable judgment, the jurisdictional time period for filing an amended notice of appeal was 30 days, which began to run at the time the amended judgment was entered. 104 Or App at 672. Notwithstanding *Honeyman v. Clostermann*, 90 Or App 615, 619-20, 753 P2d 1384, *rev den* 306 Or 527 (1988), wherein the Court of Appeals permitted the filing of an amended notice of appeal more than 30 days after the entry of an amended judgment

---

[3] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[4] ORS 19.023 provides that an appeal to the Court of Appeals shall be taken in the manner prescribed in that statute and in ORS 19.026, 19.029 to 19.065 and 19.074 to 19.210. Subject to exceptions not relevant here, ORS 19.026 requires that a notice of appeal be filed within 30 days after entry in the trial court register of the judgment being appealed.

authorized under ORS 19.033(4), the Court of Appeals majority here concluded:

> "[T]his court has no authority to waive a jurisdictional requirement. ORS 19.033(2). Therefore, we * * * affirm the order of dismissal." *Baugh v. Bryant Limited Partnerships, supra,* 104 Or App at 672.

Accordingly, the Court of Appeals overruled *Honeyman v. Clostermann, supra.* We allowed plaintiffs' petition for review.

Plaintiffs argue that ORS 19.033(4) does not require the filing of a notice of appeal after entry of an appealable judgment under that statute and that, therefore, the Court of Appeals may not automatically dismiss an appeal for lack of jurisdiction because a party fails to file a notice of appeal within 30 days after the amended judgment is entered in the trial court's register.[5] Plaintiffs also argue that the amended judgment and amended notice of appeal should relate back to the time of the original "judgment" and notice of appeal.

ORS 19.026(1) prescribes the time for service and filing only of "the notice of appeal." On its face, that statute does not purport to deal with the filing of an "amended notice of appeal," nor does it state that its timeline is a jurisdictional requirement. The jurisdictional component is provided by ORS 19.033(1) and (2). Those statutes provide, respectively, that the appellate court shall have jurisdiction of the cause when the "notice of appeal" has been timely served and filed, and that the time limits prescribed by ORS 19.026 "are jurisdictional and may not be waived or extended." None of the jurisdictional or other appellate statutes on their face appear to require that an appellant file a *new* notice of appeal (or, for that matter, anything else) when "an appealable judgment" has been entered pursuant to ORS 19.033(4).

Before 1959, the Oregon appellate process was very cumbersome. In 1959, the legislature enacted a statute that simplified the requirements for a notice of appeal. Or Laws

---

[5] Plaintiffs also argue that, because the Court of Appeals' order gave them 45 days in which to file an amended notice of appeal, their appeal should not be dismissed because they filed their amended notice of appeal within that time. The jurisdiction of the Court of Appeals, however, is determined by statute and may not be waived by that court.

1959, ch 558. Section 6 of that statute, with a variety of later amendments, became what is now ORS 19.033.

Before the enactment of ORS 19.033(4) in 1985, there was no way that the Court of Appeals could keep a case pending on the appellate level if that court determined that the "judgment" appealed from did not comply with a variety of requirements. The court could only dismiss the appeal. *See, e.g., Goeddertz v. Parcher,* 299 Or 277, 280, 701 P2d 781 (1985) (dismissing appeal); *Meyer v. Joseph,* 295 Or 588, 590, 668 P2d 1228 (1983) (same); *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 381, 591 P2d 352 (1979) (same); *Oregonians Against Trapping v. Martin,* 72 Or App 210, 695 P2d 932 (1985) (same).

In 1985, the legislature, at the urging of the Judicial Department, again tried to simplify the appellate process by enacting House Bill 2205, which became Oregon Laws 1985, chapter 734. Section 5(4) of HB 2205 amended ORS 19.033 by adding what is now ORS 19.033(4). We proceed to examine what the legislature intended when it enacted ORS 19.033(4).

Before 1985, the practice was to dismiss the appeal, obtain a new judgment from the trial court, file a new notice of appeal, and pay a new filing fee.[6] With the enactment of ORS 19.033(4), the Court of Appeals can give the trial court leave to enter an appealable judgment if the Court of Appeals determines that, at the time of the filing of the notice of appeal, the trial court intended to enter an appealable judgment and that the judgment from which the appeal is taken is defective in form. We believe that the point of ORS 19.033(4) was to do away with the need for all of the intervening steps to Court of Appeals jurisdiction. By this statutory change, the

---

[6] Supreme Court/Court of Appeals Legal Counsel, James W. Nass, testified as follows before the House Judiciary Committee in support of HB 2205:

"What happens in these cases is that the Court of Appeals order dismissing the case is filed, the Court waits 35 days to determine if any party is going to petition for review, and if not, then its appellate judgment is entered giving the trial court jurisdiction to enter a judgment in the proper form. Then, the appellant has to file a new notice of appeal, pay a new filing fee, and begin all over. Sometimes, during this process, the parties will already have filed briefs and held oral argument before the jurisdictional defect is discovered, and briefs have been destroyed before they could be transferred to the new appeal." Testimony of Supreme Court/Court of Appeals Legal Counsel, James W. Nass, before the House Judiciary Committee, March 5, 1985, at 6.

legislature intended to reduce the number of pitfalls for litigants and to reduce the number of situations in which appeals would be dismissed on procedural grounds.[7] The Senate Judiciary Committee staff analysis of HB 2205 states in part:

> "[HB 2205] does the following:
>
> "* * * * *
>
> "6. Allows trial court to cure problems of judgment appealed *without affecting appellate jurisdiction* (section 5(4))." (Emphasis added.)[8]

That interpretation is in harmony with *Honeyman v. Clostermann, supra,* the Court of Appeals' first relevant decision after ORS 19.033(4) was enacted.

We also believe that the structure of ORS 19.033 suggests the same result. ORS 19.033(4) presupposes that the Court of Appeals already has jurisdiction in the circumstances there stated and that it retains that jurisdiction when an inadvertently defective judgment is corrected. Otherwise, why would the Court of Appeals be in any position to give the trial court leave to do anything, and why would the statute have to carve out specific permission for the trial court to regain limited jurisdiction to correct the "judgment * * * defective in form" that was intended to be appealable?

ORS 19.033(6) provides that jurisdiction of the appellate court over a cause ends when a copy of the appellate judgment is mailed by the State Court Administrator to the court from which the appeal was taken pursuant to ORS 19.190, and not before. This provision also suggests that the Court of Appeals maintains jurisdiction over the appeal until it issues an appellate judgment. The Court of Appeals' conclusion in this case simply reads the language of ORS 19.033(4) and (6) out of the statute.[9]

---

[7] Testimony of Supreme Court/Court of Appeals Legal Counsel, James W. Nass, *supra,* n 6.

[8] Minutes, Senate Judiciary Committee, June 12, 1985, at 19.

[9] The cases relied on by the Court of Appeals predate the enactment of ORS 19.033(4). Therefore, they do not construe the effect of that statute on the Court of Appeals' jurisdiction.

■ To illustrate, the Court of Appeals states in its opinion that if a trial court never enters a judgment pursuant to leave granted under ORS 19.033(4), the Court of Appeals would have to dismiss the original appeal for lack of jurisdiction, because no final judgment had ever existed from which an appeal could be taken. 104 Or App at 669. However, that result is at odds with a recent decision of this court.[10] In *Gillespie v. Kononen*, 310 Or 272, 797 P2d 361 (1990), the plaintiff timely filed a notice of appeal in the Court of Appeals from a July 1988 non-appealable order. In April 1989, the Court of Appeals permitted the parties to move the trial court for entry of a final judgment pursuant to ORS 19.033(4). In June 1989, the trial court entered an order denying the plaintiff's motion for entry of a final judgment. The Court of Appeals then dismissed the appeal, concluding that, because there was no final judgment, it lacked jurisdiction. *Gillespie v. Kononen*, 98 Or App 62, 65, 778 P2d 963 (1989). On review, this court concluded that the June 1989 order was appealable as an order preventing a judgment, ORS 19.010(2)(a), and that, therefore, the Court of Appeals had jurisdiction over the appeal. 310 Or at 279.

■ Significant to the disposition of this case, this court reached its conclusion in *Gillespie* despite the fact that no new notice of appeal had been filed after the original notice of appeal was filed from the July 1988 non-appealable order. Indeed, this court expressly held: "No additional notice of appeal was required. ORS 19.033(4)." 310 Or at 279 n 10. *Gillespie*, therefore, stands for the proposition that the Court of Appeals possesses and retains jurisdiction over an appeal if: (1) a notice of appeal from a non-appealable order or purported judgment is timely served and filed; (2) the Court of Appeals gives the trial court leave to enter an appealable judgment pursuant to ORS 19.033(4); and (3) the trial court refuses to enter an appealable judgment in a circumstance that amounts to an order preventing a judgment.

This case meets the first two requirements of *Gillespie* and differs on the third only insofar as the trial court in

---

[10] Statutory interpretation particularly implicates the rule of *stare decisis*. When this court interprets a statute, that interpretation becomes a part of the statute as if written into it at the time of its enactment. *Walther v. SAIF*, 312 Or 147, 149, 817 P2d 292 (1991).

this case did, in fact, enter an appealable judgment. The result of that action, however, is the same as in *Gillespie*: the rendering of an appealable judgment on which the Court of Appeals may proceed to decide the merits of an appeal. As in *Gillespie*, Oregon law does not require that an appellant file a new or an amended notice of appeal from the appealable judgment for the Court of Appeals to have jurisdiction to consider the merits of the appeal. *A fortiori*, the law does not require that a new or amended notice of appeal be filed within a particular number of days after entry of an appealable judgment in order for the Court of Appeals to have jurisdiction. If the legislature wants to enact a jurisdictional requirement to accompany ORS 19.033(4), it may.[11] For example, in the context of ORS 19.033(2), it has demonstrated how such a requirement may be imposed. In the absence of an express jurisdictional requirement in the statutes, we will not impose one.

■ Although the Court of Appeals cannot deny jurisdiction in this case for the reason that it gave, it may require that a party proceeding under ORS 19.033(4) obtain an appealable judgment from the trial court within a specified period of time. ORS 19.033(3);[12] ORS 19.033(4) ("the trial court shall have jurisdiction, *with leave of the appellate court*, to enter an appealable judgment * * *[.]" (Emphasis added.) Moreover, the Court of Appeals may, as it did in this case, require that the parties indicate that they wish to continue with the appeal. The Court of Appeals has chosen to accomplish this by requiring that an "amended notice of appeal" be filed within a specified period of time after entry of an appealable judgment by the trial court. It follows that the Court of Appeals may dismiss an appeal for an appellant's failure to comply with the

[11] If the legislature disagrees with our interpretation, it may easily amend the statute. *Cf. State v. Carrillo*, 311 Or 61, 67, 804 P2d 1161 (1991) (if this court's statutory interpretation is not viewed as correct, the legislature may easily amend the statute).

[12] ORS 19.033(3) provides:

"After the Supreme Court or the Court of Appeals has acquired jurisdiction of the cause, the omission of a party to perform any of the acts required in connection with an appeal, or to perform such acts within the time required, shall be cause for dismissal of the appeal. In the event of such omission, the court, on motion of a party or on its own motion may dismiss the appeal. An appeal dismissed on a party's motion or on the court's own motion may be reinstated upon showing of good cause."

court-ordered timeline either for obtaining an appealable judgment or for filing an amended notice of appeal.

In sum, we hold that the Court of Appeals erred in its decision to dismiss this appeal.

The Court of Appeals decision on reconsideration and order of dismissal are reversed. This case is remanded to the Court of Appeals for further proceedings.

**PETERSON, J.,** dissenting.

Before there can be an appeal, there must be a judgment. Until the "appealable judgment" is entered, there is nothing before the appellate courts save for the shell of an appeal that can be perfected by doing what the Court of Appeals and ORS 19.033(4) require. The Court of Appeals majority opinion in *Baugh v. Bryant Limited Partnerships*, 104 Or App 665, 803 P2d 742 (1990), carefully and correctly discusses this issue. I agree with that opinion. Therefore, I would affirm the decision of the Court of Appeals.

I do not deny that (as stated in the majority opinion, 312 Or at 643) in *Gillespie v. Kononen*, 310 Or 272, 279 n 10, 797 P2d 361 (1990), this court stated that ORS 19.033(4) requires "[n]o additional notice of appeal." There, the trial judge refused to do anything after the ORS 19.033(4) remand. Whether a second notice of appeal is required after entry of a final judgment under ORS 19.033(4) was neither raised nor argued in *Gillespie*. In the context of this case, the *Gillespie* footnote quoted on page 643 of the majority opinion should not be given any precedential value.