Submitted on record and briefs November 29, 1996, remanded with instructions February 19, 1997

STATE ex rel Mark D. EAMES,
*Appellant,*

*v.*

George H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

(CV93-0930; CA A91999)

934 P2d 454

Mark D. Eames filed the briefs *pro se.*

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

This is an appeal in a mandamus action with a convoluted history. Plaintiff has filed three mandamus petitions, each seeking credit towards his term of imprisonment for time that he spent on electronic monitoring and work release in 1991. *See* ORS 137.320. In 1993, plaintiff filed his first mandamus action, and the trial court issued a writ. The action was dismissed with prejudice in June.[1] We dismissed plaintiff's appeal as untimely, and the Supreme Court denied review.

In September 1993, plaintiff filed this second mandamus proceeding. Across a form that plaintiff had supplied entitled "Order Allowing Petition For Alternative Writ of Mandamus," the court wrote "Denied—Not Basis for Mandamus," with a date and the judge's initials. In October, plaintiff filed a third mandamus, and the trial court issued the writ but later dismissed the action on the state's motion. In a written opinion, the trial court noted that plaintiff had filed an identical action (the second mandamus) and that plaintiff's remedy was to appeal that action, not file a new one. Plaintiff appealed the dismissal of the third mandamus and we affirmed without opinion. *State ex rel Eames v. Baldwin*, 137 Or App 350, 904 P2d 660 (1995), *rev den* 323 Or 74 (1996).

Plaintiff then filed a motion in the second mandamus proceeding seeking entry of a judgment of dismissal or issuance of an alternative writ pursuant to ORS 34.130(3). The trial court responded by letter that the mandamus petition had been denied in October 1993, that the case had been closed, and that plaintiff had not taken steps to reopen the case. Plaintiff then filed this appeal, attaching copies of the petition, denial and letter. On our own motion, citing to

---

[1] Defendant contends that plaintiff should not be allowed to pursue a second mandamus when his first was dismissed with prejudice and he did not timely appeal. *See Wise v. Hays*, 74 Or App 245, 247, 701 P2d 1054 (1985) (mandamus cannot be used as substitute for appellate review). However, it appears that the first mandamus proceeding was dismissed because a statement of imprisonment had not been delivered at the time the mandamus was filed and, therefore, defendant was under no duty to consider the electronic and work-release time that plaintiff claims gives him a credit.

*Gillespie v. Kononen*, 310 Or 272, 797 P2d 361 (1990), we determined that plaintiff had appealed from an appealable order.

Defendant argues that the appeal is untimely because the trial court's denial of the order allowing the petition was an appealable order from which plaintiff did not timely appeal. Under the reasoning in *Gillespie*, 310 Or at 279, defendant is incorrect. Notwithstanding the court's intention to terminate the second mandamus proceeding by denying plaintiff's petition, that denial would not have prevented plaintiff from filing a new mandamus action. However, the court's later refusal to enter a judgment on plaintiff's motion prevented the entry of a judgment, and is deemed a "judgment" for purposes of being reviewed on appeal. *Id.* Plaintiff's appeal was timely.

■ However, even though we have jurisdiction of plaintiff's appeal, we do not reach plaintiff's assignments of error. In his reply brief, plaintiff points out that, since the inception of this action, he has been transferred to the Snake River Correctional Institution and, therefore, is no longer in defendant's custody. Accordingly, we agree with plaintiff that the proper disposition is to remand with instructions to dismiss the petition. *See* ORS 34.110 (writ of mandamus may be issued to officer or person to compel performance of act that the law enjoins); ORS 34.150 (alternative writ shall state obligation of the defendant to perform the act and command performance of the act or show cause why defendant has not done so).

Remanded with instructions to enter judgment dismissing petition for writ of mandamus.