Argued and submitted October 30, 1997, appeal dismissed January 7, 1998

**S.W.,
a Minor,**
*Plaintiff,*
*and*

**Marlene WILSON,**
*Appellant,*

*v.*

**Allen H. SCHELLENBERG
and Donna A. Schellenberg,**
*Respondents.*

**(94-1397-L-3; CA A93540)**

952 P2d 567

Lee S. Werdell argued the cause for appellant. With him on the brief was Werdell, Charter & Hanson.

Keith J. Bauer argued the cause for respondent Allen H. Schellenberg. With him on the brief were Billy M. Sime, Ralph C. Spooner and Mary Kim Wood.

Ralph C. Spooner argued the cause for respondent Donna A. Schellenberg. With him on the brief were Mary Kim Wood, Keith J. Bauer and Billy M. Sime.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff appeals a judgment dismissing her battery and negligence claims against her mother and father. We conclude that plaintiff's notice of appeal was not timely filed and dismiss her appeal.

Plaintiff's original notice of appeal in this case was filed on September 7, 1995, in response to an August 21, 1995, judgment dismissing her claims. On September 15, 1995, we ruled that plaintiff had appealed from a nonfinal judgment, because the judgment did not dispose of all the claims of the parties to the lawsuit. We gave the trial court leave to file an amended final judgment on motion of either party and held plaintiff's appeal in abeyance pending such a filing. On February 27, 1996, we dismissed plaintiff's appeal for want of prosecution.

Plaintiff moved for a final judgment on April 4, 1996. The trial court granted the motion on May 23, and plaintiff filed a notice of appeal with this court on June 17, 1996. We dismissed that notice of appeal on July 24, 1996, because the May 23 judgment had not been entered in the register as required by ORCP 70 B, and, therefore, plaintiff again had appealed from a nonfinal judgment.

On plaintiff's motion, the trial court entered a third judgment on August 7, 1996, and plaintiff filed a notice of appeal on August 12. Defendant moved to dismiss that notice on the ground that the August 7 judgment did not dispose of all the claims of the parties and was, therefore, not a final judgment. On January 17, 1997, we agreed and issued an order giving the trial court leave under ORS 19.033(4) to issue a final judgment on motion of either party. Our order stated:

> "The appeal will be held in abeyance pending the filing of the amended notice of appeal, *but the court will dismiss this appeal without further notice to the parties for lack of prosecution, if the amended notice of appeal is not filed within the time allowed under ORS 19.026*." (Emphasis supplied.)

On February 6, 1997, the trial court issued a final judgment. Plaintiff filed an amended notice of appeal of that

judgment on February 7. The final judgment was entered in the register by the clerk, as required by ORCP 70 B, on February 11, 1997. Plaintiff did not file any subsequent notice of appeal.

■■  Notices of appeal "shall be served and filed within 30 days *after* the judgment appealed from is entered in the register." ORS 19.026(1) (emphasis supplied). Because plaintiff filed her amended notice of appeal *before* the final judgment was entered in the register, that notice was not filed within the time allowed under ORS 19.026(1). *Johnson v. Assured Employment*, 277 Or 11, 16, 558 P2d 1228 (1977) (notice of appeal filed before entry of judgment in the register "was premature and ineffective to create jurisdiction in this court"). Under normal circumstances, that statutory time limit is jurisdictional, and we would be required to dismiss plaintiff's appeal. *See, e.g., Junction City Water Control v. Elliott*, 65 Or App 548, 551, 672 P2d 59 (1983). That is not the case here, however, because plaintiff was filing an *amended* notice of appeal following an order under ORS 19.033(4). Under those circumstances, plaintiff's failure to comply with ORS 19.026(1) is not jurisdictional. *Baugh v. Bryant Limited Partnerships*, 312 Or 635, 644, 825 P2d 1383 (1992).

■  While it is not jurisdictional, however, plaintiff's failure to follow the time limit prescribed by ORS 19.026(1) still dooms this appeal. As noted above, our order giving leave states that we "will dismiss this appeal * * * if the amended notice of appeal is not filed" within that statutory time limit. Under *Baugh*, we "may dismiss an appeal for an appellant's failure to comply with the court-ordered timeline * * * for filing an amended notice of appeal." 312 Or at 644-45. Plaintiff has failed to comply with our time line for filing her amended notice. While we reserve the right at our discretion to allow an appeal under circumstances like these, we decline to do so in this case. We see no compelling reason why we should ignore the clear language of our order, especially in the light of the tortured procedural history of this appeal.

Appeal dismissed.