On appellant's petition for reconsideration of Appellate Commissioner's order of dismissal filed February 13; reconsideration allowed, previous order withdrawn June 28, 2017

Marta GUEMBES,
as Personal Representative for
the Estate of Virginia Roberts, on behalf of
Kenneth Wilson Cruz Quiroz,
Marsha Tatiana Cruz Quiroz,
Amanda Romero De Quiroz,
and Umberto Quiroz,
*Plaintiffs-Respondents,*
*v.*

John Lyle ROBERTS,
*Defendant-Appellant.*

Multnomah County Circuit Court
080203083; A163784

398 P3d 507

John Lyle Roberts *pro se* for petition.

Before Egan, Presiding Judge, and Garrett, Judge.

**EGAN, P. J.**

In an unpublished order, we dismissed defendant's appeal for lack of jurisdiction after determining that the notice of appeal had been filed prematurely—that is, after the signing of the judgment but before its entry—and that defendant had not filed a new or amended notice of appeal after the entry of judgment.[1] Petitioner has filed a petition for reconsideration of that order. We allow reconsideration and write to address a recurring issue of appellate procedure: When a party files a notice of appeal after the trial court judgment is signed but before it is entered into the trial court register, must the appellant file a new or amended notice of appeal after the entry of judgment? We conclude that no new notice or amended notice of appeal is required. Accordingly, we conclude that we retain jurisdiction to decide defendant's appeal, and we therefore withdraw the order dismissing the appeal.

Defendant, who was convicted of murdering his ex-wife, appeals from a judgment entered against him in a civil action by the personal representative of his ex-wife's estate. Appearing *pro se*, defendant filed his notice of appeal after the trial judge had signed the judgment but before the trial court clerk had entered the judgment in the case register. Following entry of the judgment, defendant did not file a new or amended notice of appeal or a notice to proceed with the appeal. The Appellate Commissioner dismissed the appeal for lack of jurisdiction due to the failure to file a new or amended notice of appeal after the entry of judgment. Defendant seeks reconsideration of the Appellate Commissioner's order.

As a general rule, a judgment becomes appealable when it is entered in the trial court register. *See* ORS 18.082(1)(c) (providing that, on entry, a judgment "[m]ay

---

[1] The appellate courts have the duty to examine their own jurisdiction and dismiss, on their own motion if necessary, any case that lacks a statutory basis for appeal. *Emmert Industrial Corp. v. Douglass*, 130 Or App 267, 269, 881 P2d 827, *rev den*, 320 Or 325 (1994); *Knapp v. Employment Division*, 67 Or App 231, 233, 677 P2d 738 (1984). The appellate courts, when examining jurisdiction, are not limited to arguments made by the parties. *Boise Cascade Corp. v. Board of Forestry (A79626)*, 131 Or App 538, 546 n 3, 886 P2d 1033 (1994), *rev'd in part on other grounds*, 325 Or 185, 935 P2d 411 (1997).

be appealed in the manner provided by law"). A notice of appeal from a judgment that has not been entered in the register is jurisdictionally defective. *State v. Ainsworth*, 346 Or 524, 535, 213 P3d 1225 (2009) (citing ORS 18.082(1)(c) as an indication of "the legal significance that the legislature places on entry of the judgment in the register"); *Welker v. TSPC*, 332 Or 306, 312-13, 27 P3d 1038 (2001) ("A notice of appeal filed before the time to appeal begins to run is jurisdictionally defective."); *Garcia v. DMV*, 195 Or App 604, 609, 99 P3d 316 (2004) ("[T]o be enforceable and appealable, a judgment has to be in writing, plainly labeled as a 'judgment,' and entered in the register with a notation that a 'judgment' has been filed.").

In *Baugh v. Bryant Limited Partnerships*, 312 Or 635, 825 P2d 1383 (1992), and *Gillespie v. Kononen*, 310 Or 272, 797 P2d 361 (1990), the Supreme Court considered the jurisdictional ramifications of a prematurely filed notice of appeal under then-recently enacted *former* ORS 19.033(4) (1989), *renumbered as* ORS 19.270(4) (1997).[2] Similar to

---

[2] ORS 19.270 provides, as relevant:

"(1) The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255. The trial court may exercise those powers in connection with the appeal as are conferred by law, and retains jurisdiction in the matter for the following purposes:

"(a) Deciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law.

"(b) Enforcing the judgment, subject to any stay of the judgment.

"(c) Deciding a motion for judgment notwithstanding the verdict under ORCP 63.

"(d) Deciding a motion for new trial under ORCP 64.

"(e) Deciding a motion for relief from judgment under ORCP 71 B.

"(2) The following requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended:

"* * * * *

"(b) Filing of the original of the notice of appeal with the Court of Appeals as provided in ORS 19.240(3), within the time limits prescribed by ORS 19.255.

"* * * * *

"(4) Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction, with leave of the appellate court, to enter an appealable judgment or order if the appellate court determines that:

current ORS 19.270(4), *former* ORS 19.033(4) (1989) provided, in part:

> "(4)   Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:
>
> "(a)   At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and
>
> "(b)   The judgment from which the appeal is taken is defective in form * * *."

The Supreme Court held in *Gillespie* that, when an appeal is taken from a nonappealable order and we grant leave for entry of a final judgment but the trial court declines to enter such a judgment, we retain jurisdiction of the appeal under the original notice of appeal, even in the absence of an amended notice of appeal from the order denying entry of judgment. 310 Or at 279. Similarly, the court held in *Baugh* that, when an appeal is taken from a judgment that is defective in form, and we grant the trial court leave to enter an appealable judgment and it does so, there is no need for the appellant to file an amended notice of appeal. The court stated:

> "We believe that the point of [former] ORS 19.033(4) [1989] was to do away with the need for all of the intervening steps to Court of Appeals jurisdiction. By this statutory change, the legislature intended to reduce the number of pitfalls for litigants and to reduce the number

---

"(a)  At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment or order; and

"(b)  The judgment or order from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment or order.

"(5)  Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction:

"(a)  To enter in the trial court register a judgment or order that the trial judge signed before the notice of appeal was filed;

"(b)  To enter an order or supplemental judgment under ORCP 71 or ORS 19.275, 107.105(4) or 107.452; and

"(c)  To enter an order or supplemental judgment for the purpose of implementing a settlement as allowed by ORS 19.410(3)."

of situations in which appeals would be dismissed on procedural grounds."

312 Or at 641-42. The court explained further that the statute "presupposes that the Court of Appeals already has jurisdiction in the circumstances there stated and that it retains that jurisdiction when an inadvertently defective judgment is corrected." *Id.* at 642. The court held that the failure to file an amended notice of appeal after the entry of a final judgment is not a jurisdictional defect: "In the absence of an express jurisdictional requirement in the statutes, we will not impose one." *Id.* at 644.

More recently, in *Assoc. Unit Owners of Timbercrest Condo. v. Warren*, 242 Or App 425, 436-37, 256 P3d 146 (2011), *aff'd on other grounds*, 352 Or 583, 288 P3d 958 (2012) (*Timbercrest*), relying on *Gillespie* and *Baugh*, we held that an appellant who had filed a premature notice of appeal (after the entry of judgment but while a motion for a new trial was pending) was not required to file an amended notice of appeal after the trial court ruled on the motion for a new trial. We held, further, that the granting of leave to enter a final judgment was not a prerequisite to our jurisdiction, and that we have jurisdiction to decide the merits of an appeal from a trial court decision without first requiring the filing of a new notice of appeal, if

"(1) when the initial notice of appeal was filed, the trial court intended to enter an appealable judgment, but (2) the notice of appeal was premature, *i.e.*, when the initial notice of appeal was filed, the judgment was defective in form, the filing of the notice of appeal deprived the trial court of jurisdiction under ORS 19.270(1) to enter the judgment, the trial court had not yet entered a judgment, or a party had timely filed a motion for new trial and the motion had not yet been disposed of under ORCP 64 F(2)."

*Timbercrest*, 242 Or App at 436-37. As we understood *Gillespie* and *Baugh* in *Timbercrest*, the filing of an amended notice of appeal was not a prerequisite to this court's jurisdiction of the appeal based on the original, prematurely filed notice of appeal. Here, as in *Timbercrest*, there is no dispute that, when the initial notice of appeal was filed, the trial court intended to enter an appealable judgment.

But the notice of appeal was premature because the trial court had not yet entered the judgment. *Gillespie, Baugh,* and *Timbercrest* lead us to conclude that defendant was not required to file a new notice of appeal after the trial court's entry of the final judgment.

Our conclusion is consistent with the legislature's recent amendment of ORS 19.270 to add paragraph (5)(a), which provides that the trial court retains jurisdiction to enter into the register a judgment or order signed by the trial judge before the filing of a notice of appeal. Or Laws 2013, ch 10, § 1. That provision was added by the legislature specifically to address concerns relating to the circuit court's jurisdiction to enter a judgment in the register if the judgment had been signed but not entered before a notice of appeal was filed. *See* Audio Recording, Senate Committee on Judiciary, SB 50, Feb 7, 2013, at 07:30 (statement of Office of State Court Administrator representative Bruce Miller), https://olis.leg.state.or.us (accessed June 21, 2017).[3] Similar to the court's reasoning in *Baugh*, 312 Or at 642, with respect to *former* 19.033(4) (1989), we believe that the text of ORS 19.270(5) "presupposes that the Court of Appeals already has jurisdiction in the circumstances there stated," and that it retains jurisdiction when the judgment is entered in the register.

We conclude that no new notice or amended notice of appeal is required and that this court retains jurisdiction to consider defendant's appeal.

Reconsideration allowed; previous order withdrawn.

---

[3] "Senate Bill 50 deals with what is essentially a technical timing issue that is causing what we believe is unnecessary work load and costs for both parties and for the courts. * * * What the bill does is, it says if the judge has signed the judgment or appealable order, and notice of appeal is filed but the judgment or order has not been entered in the register yet, the trial court retains jurisdiction over the case for the sole purpose of entering the judgment or order in the register so then we don't have to go back and forth between the Court of Appeals and the circuit court. So it's fairly limited on two ends: [1.] * * * The judgment has to have been signed, and [2.] The only jurisdiction the trial court has is to enter it in the register."