Submitted December 7, 2018; appeal of March 3, 2017, supplemental judgment affirmed, appeal of March 17, 2017, supplemental judgment dismissed June 10, 2020

Patrick GILLIS,
*Appellant,*

*v.*

David GILLIS,
as Personal Representative of
the Estate of Shirley Mary Agnes Gillis
and in his capacity as beneficiary of the
Shirley Mary Agnes Gilles Revocable Living Trust,
u/t/a/d March 24, 2017,
*Respondent,*

*and*

Maria Christine SOBLOM et al.,
*Respondents below.*

Multnomah County Circuit Court
15PB02258; A164384

468 P3d 495

Katherine E. Tennyson, Judge.

Patrick J. Gillis filed the briefs *pro se.*

Bonnie Richardson and Zachariah Allen filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Appeal of March 3, 2017, supplemental judgment affirmed; appeal of March 17, 2017, supplemental judgment dismissed.

**PER CURIAM**

This case involves a notice of appeal from two supplemental judgments relating to an award of attorney fees in an underlying case involving appellant's conduct as a trustee of a revocable trust. The first supplemental judgment was entered on March 3, 2017. The second supplemental judgment was signed and entered by the trial court on March 17, 2017. Appellant filed the notice of appeal of both supplemental judgments on March 16, 2017. As explained below, because we conclude that the notice of appeal as to the March 17 supplemental judgment was premature, we further conclude that we lack jurisdiction to consider it. And because appellant raises no assignments of error with respect to the March 3 supplemental judgment, we affirm that supplemental judgment without discussion.

As a general rule, a judgment becomes appealable when it is entered in the trial court register, and a notice of appeal from a judgment that has not been entered in the register is jurisdictionally defective. *State v. Ainsworth*, 346 Or 524, 535, 213 P3d 1225 (2009); *see* ORS 18.082(1)(c) (providing that, on entry, a judgment "[m]ay be appealed in the manner provided by law").[1] In this case, appellant filed the notice of appeal of the March 17 supplemental judgment before the court had either signed or entered the supplemental judgment. The notice of appeal of the March 17 supplemental judgment therefore is premature, and we lack jurisdiction to consider it.

Turning to the supplemental judgment that we do have jurisdiction to consider, appellant has not assigned error to any specific trial court ruling that resulted in the March 3 supplemental judgment. *See generally John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466,

---

[1] An exception exists for a judgment that has been signed but not entered, where the record shows that the court intended to enter an appealable judgment. *Guembes v. Roberts*, 286 Or App 471, 472, 398 P3d 507 (2017) (holding that no amended notice of appeal is required to confer jurisdiction on the Court of Appeals to consider a notice of appeal from a judgment that is signed by the court but not yet entered); *see also* ORS 19.270(5) ("Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction *** [t]o enter in the trial court register a judgment or order that the trial judge signed before the notice of appeal was filed[.]").

470-73, 402 P3d 719 (2017) (discussing at length both the requirements for proper assignments of error and the consequences for lack of compliance with those requirements). Rather, his challenges focus squarely on issues underlying the March 17 supplemental judgment. Thus, because none of the three assignments of error raised in the opening brief challenge that March 3 supplemental judgment, we affirm that judgment without discussion.

Appeal of March 3, 2017, supplemental judgment affirmed; appeal of March 17, 2017, supplemental judgment dismissed.