Argued and submitted March 10, 1999, petition for review dismissed; decision
of Court of Appeals vacated, and case remanded to circuit court for further
proceedings July 19, 2001

Steven R. WELKER,
by and through
Leslie R. Bradbury, Assignee,
*Respondent on Review,*

*v.*

TEACHERS STANDARDS
AND PRACTICES COMMISSION,
*Petitioner on Review.*

(CC 95C-12525; CA A93668; SC S45211)

27 P3d 1038

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

James M. Brown, of Enfield Brown & Collins, Salem, argued the cause and filed the brief for respondent on review. With him on the briefs was Nicole M. Hendricks.

Harry Auerbach, Portland, Jane Ellen Stonecipher, Salem, and Cory Streisinger, Portland, filed the briefs for *amici curiae* League of Oregon Cities, Association of Oregon Counties, and Port of Portland.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

---

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; Kulongoski, J., resigned June 14, 2001, and did not

RIGGS, J.

participate in the consideration or decision of this case; De Muniz, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

We allowed review in this case to consider whether a contract provision that waives a statutory right to indemnity is void as against public policy. The Court of Appeals held that the provision at issue might be void for that reason (depending on the resolution of certain factual issues on remand). *Welker v. TSPC*, 152 Or App 190, 203, 953 P2d 403 (1998). After briefing and oral argument, we noted a potential jurisdictional issue and requested that the parties answer several questions. After considering the record and the parties' arguments, we conclude that, in its present posture, appellate jurisdiction is lacking in this case. Accordingly, we dismiss the petition for review, vacate the decision of the Court of Appeals, and remand the case to the trial court for further proceedings.

Plaintiff filed a civil action against defendant. The parties filed cross-motions for summary judgment. The trial court entered an order and a separate judgment in favor of defendant. The court entered the judgment in the register on May 30, 1996.

On May 31, 1996, plaintiff filed a "Motion for Order Setting Aside Judgment and Reconsideration of Order Dismissing Third Amended Complaint." On June 7, 1996, still within the 10-day time limit for filing a motion for new trial under ORCP 64 F, plaintiff filed a "Supplemental Memorandum in Support of Motion for Order Setting Aside Judgment." In the supplemental memorandum, plaintiff stated that he relied on ORCP 64 C in support of his motion. The supplemental memorandum concluded, "[f]or purposes of clarification[,]" that "plaintiff moves for reconsideration or, in the alternative, for a new trial following that order awarding summary judgment to defendant."

The trial court did not enter an order on plaintiff's motion. On June 27, 1996, plaintiff filed his notice of appeal.

This case requires us first to consider whether plaintiff's motion was, in fact, a motion for a new trial and, if so, then to consider the effect that the motion has on plaintiff's

appeal. ORCP 64 governs motions for new trial.[1] ORCP 64 A defines a new trial as "a re-examination of an issue of fact in the same court after judgment." ORCP 64 B sets out the grounds for granting a new trial when the original trial was by jury. ORCP 64 C makes ORCP 64 B applicable, in certain circumstances, to trials without a jury. A motion for new trial generally must be filed within 10 days after the trial court entered the judgment. ORCP 64 F. If the trial court does not rule on the motion within 55 days from the date that the judgment was entered, then the motion is deemed to be denied. *Id.*

If a party files a motion for new trial, then the time to take an appeal from the original judgment does not begin to run until the trial court enters an order ruling on the

---

[1] ORCP 64 provides, in part:

"**A New Trial Defined.** *A new trial is a re-examination of an issue of fact in the same court after judgment.*

"**B Jury Trial; Grounds for New Trial.** A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B(5)  Insufficiency of the evidence to justify the verdict or other decision, *or that it is against law.*

"B(6)  Error in law occurring at the trial and objected to or excepted to by the party making the application.

"**C New Trial in Case Tried Without a Jury.** In an action tried without a jury, a former judgment may be set aside and a new trial granted on motion of the party aggrieved on any grounds set forth in section B of this rule where applicable. * * *

"**D Specification of Grounds of Motion; When Motion Must Be on Affidavits.** In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and no cause of new trial not so stated shall be considered or regarded by the court. * * *

"* * * * *

"**F Time of Motion; Counteraffidavits; Hearing and Determination.** A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow. * * * The motion shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

(Boldface in original.)

motion or the motion is deemed denied. *Former* ORS 19.026(2) (1995), *renumbered as* ORS 19.255(2) (1997).[2] An order granting a motion for new trial is deemed to be a judgment, *former* ORS 19.010(2)(d) (1995), *renumbered as* ORS 19.205(2)(d) (1997), and thus the parties have 30 days from the date the order granting a new trial was entered to file a notice of appeal, *former* ORS 19.026(1) (1995), *renumbered as* ORS 19.255(1) (1997).

■    The parties make three arguments as to why plaintiff's motion was not a motion for new trial, despite the fact that the supplemental memorandum expressly asserted that it was. First, both parties contend that the motion was not a motion for new trial because it addressed only issues of law. That argument is based on ORCP 64 A, which defines a new trial as "a re-examination of an issue of fact in the same court after judgment." That rule, however, defines only what a new trial *is*, not why a party would be entitled to one. The reasons why a party may be entitled to a new trial are set out in ORCP 64 B. They include issues of law. *See* ORCP 64 B(5) ("Insufficiency of the evidence to justify the verdict or other decision, *or that it is against law.*" (Emphasis added.)); ORCP 64 B(6) ("Error in law occurring at the trial and objected to or excepted to by the party making the application.").

■    Second, defendant contends that plaintiff's motion was not a motion for new trial because it did not state plainly its grounds. Assuming *arguendo* that the motion was defective in that respect, such a defect would not make any difference. *Former* ORS 19.026(2) (1995) applies to a motion for new trial whether or not the motion has merit.

---

[2] *Former* ORS 19.026 (1995) presently is numbered as ORS 19.255 and provides, in part:

"(2) Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a) The date that the order disposing of the motion is entered in the register.

"(b) The date on which the motion is deemed denied, as provided in ORCP 63 D or 64 F."

ORS 19.255(2) is identical.

■        Third, defendant argues that the motion was not a motion for new trial because it was not captioned as such. *See Alternative Realty v. Michaels*, 90 Or App 280, 285, 753 P2d 419 (1988) (stating such a requirement). Again, we cannot agree. Defendant identifies no statute or rule that requires a motion for new trial to use particular words in its caption. This court has held that a motion is controlled by its substance, not its caption. *See, e.g., State v. Barone*, 329 Or 210, 221, 986 P2d 5 (1999), *cert den* 528 US 1086 (2000) ("We address defendant's motion according to its substance, not its caption."). More specifically, this court has held that a motion was a motion for new trial although it was not denominated as such. *See Carter v. U.S. National Bank*, 304 Or 538, 546, 747 P2d 980 (1987) (motion to reconsider grant of summary judgment was motion for new trial; therefore, order granting motion was appealable as order granting new trial); *Cooley v. Roman*, 286 Or 807, 811, 596 P2d 565 (1979) (motion to set aside summary judgment was motion for new trial). In sum, we conclude that plaintiff's motion was a motion for new trial.

■        As noted, *former* ORS 19.026(2) (1995) provides that, if a motion for new trial is filed, then the time to take an appeal from the original judgment does not begin to run until the trial court enters an order ruling on the motion or the motion is deemed denied. Plaintiff's motion for new trial in this case had not been denied by order or deemed denied by the passage of 55 days when plaintiff filed his notice of appeal. The trial court did not enter an order in the register ruling on the motion, as required by *former* ORS 19.026(2)(a) (1995). Neither was the motion deemed denied before the notice of appeal was filed, as required by *former* ORS 19.026(2)(b) (1995), as June 27, 1996, the date on which plaintiff filed his notice of appeal, was only 28 days after the court had entered judgment, well before the 55-day limit set out in ORCP 64 F. Because plaintiff's motion for new trial has not been resolved, plaintiff failed to comply with *former* ORS 19.026(2) (1995): He did not file the notice of appeal "within 30 days *after*" the motion for new trial was denied by order or deemed denied by the passage of 55 days. (Emphasis added.)

■        A notice of appeal filed before the time to appeal begins to run is jurisdictionally defective. *See State ex rel Juv.*

*Dept. v. Dahl*, 310 Or 59, 791 P2d 132 (1990) (vacating decision of Court of Appeals when notice of appeal was filed before entry of judgment in register); *Ellis v. Roberts*, 302 Or 6, 8-9, 725 P2d 886 (1986) (notice of appeal filed two days before judgment was entered was premature); *Johnson v. Assured Employment*, 277 Or 11, 14, 558 P2d 1228 (1977) ("The great weight of authority of both old and recent cases is that a premature appeal will not * * * ripen and that if the party attempting to appeal does not file a new notice of appeal when the impediment to ripeness is removed, the appellate court lacks jurisdiction."). Here, the time to file a notice of appeal had not yet begun to run, because the motion for new trial remained unresolved. Therefore, plaintiff's notice of appeal was ineffective to confer jurisdiction on the appellate court to decide the merits of the appeal.

■ The parties have asked this court to grant leave to the trial court under ORS 19.270(4) to enter an appealable judgment. ORS 19.270(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

Under ORS 19.270(4)(a), the trial court must have intended to enter an appealable judgment at the time of the filing of the notice of appeal. The facts in this case satisfy paragraph (a) because, when plaintiff filed his notice of appeal on June 27, 1996, the trial court, on May 30, 1996, had entered a judgment that the court intended to be final and, therefore, appealable. The judgment and the rest of the trial court record give no indication that the judgment was merely interlocutory in character.

ORS 19.270(4)(b) describes three kinds of procedural defects that can undermine appellate jurisdiction. The word "or," which appears in paragraph (b), makes it clear that the three procedural defects are alternatives and that a showing that any one of the listed defects exists satisfies the requirement of paragraph (b).

None of the procedural defects set out in paragraph (b) exists in this case. The judgment entered on May 30, 1996, was not defective in form. When the trial court entered that judgment, it had jurisdiction of the cause under *former* ORS 19.033(1) (1995), *renumbered as* ORS 19.270(1) (1997). It is true that, when plaintiff filed the notice of appeal, plaintiff had moved for a new trial, that motion was unresolved, and a decision by the trial court to grant a new trial would have been deemed an appealable judgment under *former* ORS 19.010(2)(d) (1995). However, those facts do not alter the appealability of the judgment entered on May 30, 1996.

Plaintiff's appeal was defective solely because plaintiff filed the notice of appeal before commencement of the appeal period that governs when a party files a motion for a new trial. *Former* ORS 19.026(2) (1995). That defect is not among those that this court may address through the procedure set out in ORS 19.270(4). As a consequence, we decline to grant leave to the trial court to enter an appealable judgment under ORS 19.270(4).

■     The foregoing conclusion does not prohibit the parties from taking an appeal, however. ORCP 64 F grants the trial court 55 days in which to rule on a motion for new trial. Even if premature, a notice of appeal deprives the trial court of jurisdiction to rule on a motion for new trial while the appeal is pending before the appellate court. *See Ellis*, 302 Or at 9 (notice of appeal filed before entry of judgment deprived trial court of jurisdiction to enter judgment). Thus, the premature notice of appeal filed in this case terminated the trial court's jurisdiction to rule on the motion at day 28 of the 55-day period.

■     Neither ORCP 64 nor *former* ORS 19.026(2) (1995) expressly provides that the filing of a premature notice of appeal tolls the time for the trial court to rule on the motion for new trial. The plain wording of ORCP 64 F, however,

manifests an intent that the trial court be allowed 55 days to rule on a motion for new trial. Therefore, the time during which the trial court lacked jurisdiction to rule on the motion for new trial does not count toward the 55 days allowed to rule on the motion under ORCP 64 F.

Jurisdiction in this case will be vested with the trial court "when a copy of the appellate judgment is mailed by the State Court Administrator to the court from which the appeal was taken * * *." ORS 19.270(6). Once jurisdiction is returned to the trial court, the time to rule upon the motion for new trial will resume with the first full day following the return of jurisdiction counting as day 29. Following that, one of three events may happen: The trial court may grant plaintiff's motion for new trial; the trial court may deny the motion for new trial; or the trial court may take no action, and the motion will be deemed denied under ORCP 64 F. If the trial court grants the motion for new trial, then defendant may file a notice of appeal from that order within 30 days. ORS 19.205(2)(d) (order granting motion for new trial is deemed a judgment); ORS 19.255(1) (time to appeal is 30 days). If the trial court denies the motion, or if the trial court takes no action and the motion is deemed denied, then plaintiff may take an appeal from the original judgment by filing a notice of appeal within 30 days after the date that the trial court enters its order denying the motion for new trial or the motion is deemed denied. ORS 19.255(2)(a) to (b).

The petition for review is dismissed. The decision of the Court of Appeals is vacated, and the case is remanded to the circuit court for further proceedings.