On respondent's motion to determine jurisdiction filed December 14, and appellant's response to respondent's motion to determine jurisdiction filed December 28, 2010, motion for determination of jurisdiction granted; the court determines that it has jurisdiction of the appeal; appeal to proceed April 27, petition for review allowed September 15, 2011 (350 Or 716)

THE ASSOCIATION OF
UNIT OWNERS OF TIMBERCREST CONDOMINIUMS,
an Oregon non-profit corporation,
*Plaintiff-Appellant,*

*v.*

Gale Allen WARREN,
dba Big Al's Construction,
*Defendant-Respondent,*

*and*

LIGHTHOUSE TWO, LLC,
a Washington limited liability company;
John Does 1-3;
and Harry G. Cretin, P.E.,
an Oregon corporation,
*Defendants.*

Washington County Circuit Court
C090892CV; A146137

256 P3d 146

Thomas M. Christ and Cosgrave Vergeer Kester LLP for motion.

Ryan D. Harris and Vial Fotheringham LLP *contra*.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

WOLLHEIM, P. J.

.

## WOLLHEIM, P. J.

We write to address this issue of appellate procedure: When a party has filed a motion for new trial and a notice of appeal is filed before the motion for new trial is decided, must the appellant file a new notice of appeal after the motion for new trial is decided? We conclude that no new notice of appeal is required. Accordingly, we grant respondent's motion for determination of jurisdiction, determine that the court has jurisdiction of this appeal, and direct that the appeal proceed.

The essential procedural events are these: The trial court resolved plaintiff's claims by granting defendant's motion for summary judgment. Defendant tendered a form of general judgment memorializing that decision, the trial court signed the judgment on June 22, 2010. On June 24, before the judgment was entered in the trial court register, plaintiff filed its "motion to reconsider the court's ruling on defendant Warren's motion for summary judgment; alternative motion to clarify ruling" (motion to reconsider). On July 8, the trial court clerk entered the judgment in the register. On July 21, plaintiff filed a notice of appeal from the judgment. On September 15, the trial court entered an order denying the motion to reconsider.[1] Plaintiff did not thereafter file a new notice of appeal.

In October, defendant Warren filed a motion to determine jurisdiction,[2] contending that plaintiff's motion filed in the trial court in substance was a motion for new trial and that plaintiff's notice of appeal filed while that motion was pending was premature and, therefore, ineffective. Because plaintiff failed to file a notice of appeal within 30 days after the motion was resolved, defendant argued, this court lacked jurisdiction of the appeal. The Appellate Commissioner denied the motion on the ground that

---

[1] If, as we conclude, the substance of the motion was a motion for new trial, under ORCP 64 F(1), the motion had already been denied on September 2. *See Propp v. Long*, 313 Or 218, 226, 831 P2d 685 (1992) (if not acted upon by the fifty-fifth day after the date of entry of judgment, a motion for new trial is deemed denied on the fifty-sixth day).

[2] *See* ORAP 7.05(1)(c) (at any time during appeal, party by motion may raise issue of appellate jurisdiction).

defendant's argument depended on determining that the motion to reconsider was a motion for a new trial and, because defendant had failed to provide the court with a copy of that motion, the court was unable to determine whether it lacked jurisdiction for the reason asserted by defendant. Defendant thereafter renewed his motion for determination of jurisdiction, and provided a copy of the motion to reconsider.

## WHETHER THE MOTION TO RECONSIDER WAS A MOTION FOR NEW TRIAL

Defendant's assertion that this court lacks jurisdiction to decide plaintiff's appeal depends in part on whether plaintiff's motion to reconsider was a motion for new trial.[3] Plaintiff contends that its motion to reconsider was not, because (1) the motion was filed before, not after, entry of judgment; (2) the motion did not seek relief cognizable under ORCP 64; (3) the motion was not labeled as a motion for new trial; and (4) defendant contended in the trial court that the motion was not a motion for new trial, and the trial court did not treat it as a motion for new trial.

ORCP 64 F(1) requires only that a motion for new trial be filed "not later than 10 days after entry of the judgment" and such a motion is timely notwithstanding that it is filed before entry of judgment. *Highway Commission v. Fisch-Or*, 241 Or 412, 417-18, 399 P2d 1011, *opinion modified*, 406 P2d 539 (1965) (motion for new trial filed prior to entry of judgment timely); *Way v. Prosch*, 163 Or App 437, 442, 988 P2d 422 (1999) (same). Thus, it is of no consequence that plaintiff's motion was filed before entry of the judgment.

Further, the character of a motion is not determined by its caption, but by its substance. *State v. Barone*, 329 Or 210, 221, 986 P2d 5 (1999), *cert den*, 528 US 1135 (2000). A motion for reconsideration can serve the same function as a

___

[3] Then Chief Justice Peterson warned that "[l]awyers filing motions to reconsider * * * might better denominate such a motion as a 'motion asking for trouble[.]'" *Carter v. U. S. National Bank*, 304 Or 538, 546, 747 P2d 980 (1987) (Peterson, C. J., concurring). The Supreme Court and this court have reiterated that point in numerous decisions since then, some of which are cited in this opinion. This opinion illustrates, once again, the procedural difficulties that can arise from failing to heed Chief Justice Peterson's warning.

motion for new trial in cases tried to the court. *Schmidling v. Dove*, 65 Or App 1, 5-6, 670 P2d 166 (1983); ORCP 64 C.[4] More to the point here, a motion to reconsider a grant of summary judgment can be a motion for new trial, depending on the grounds stated in the motion, even if the motion does not identify itself as such or refer to ORCP 64. *Carter v. U. S. National Bank*, 304 Or 538, 544-45, 747 P2d 980 (1987); *Welker v. TSPC*, 332 Or 306, 312, 27 P3d 1038 (2001).

ORCP 64 A defines a new trial as "a re-examination of an issue of fact in the same court after judgment." The possible grounds for seeking a new trial, in cases decided by either a jury or the court, are found at ORCP 64 B and include "[i]nsufficiency of the evidence to justify the verdict or other decision * * *," ORCP 64 B(5), and an "[e]rror in law occurring at the trial and objected to or excepted to by the party making the application," ORCP 64 B(6). Plaintiff's motion in the trial court argued, within the meaning of ORCP 64 B(5), that the court erred in granting summary judgment because there was a material issue of fact, namely, whether the plaintiff was formed before individual unit owners signed unit agreements and thereby waived their right to bring claims. To that extent, plaintiff invited the trial court to reexamine the facts of the case. Plaintiff also argued, within the meaning of ORCP 64 B(6), that the trial court erred in concluding that it was possible for the individual unit owners to waive the rights of the plaintiff in an action against the developer in derogation of a particular statute, and that the unit owners had waived those rights. Therefore, we conclude that the motion to reconsider, in substance, was a motion for new trial.

■ ■ It makes no difference, as plaintiff argues, that defendant asserted to the trial court that the motion to reconsider was not a motion for new trial. Whether this court has

---

[4] ORCP 64 C provides:

"In an action tried without a jury, a former judgment may be set aside and a new trial granted on motion of the party aggrieved on any grounds set forth in section B of this rule where applicable. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

jurisdiction of plaintiff's appeal depends, in part, on whether plaintiff's motion in substance was a motion for new trial, and a party can neither stipulate to, nor waive, jurisdiction. *Daly and Daly*, 228 Or App 134, 139, 206 P3d 1189 (2009); *State v. Young*, 188 Or App 247, 251, 71 P3d 119, *rev den*, 336 Or 125 (2003). That principle, as applied here, means that neither party, by how the party chooses to label or treat a motion filed in the trial court, can either create or obviate this court's jurisdiction if the motion, in substance, was a motion for new trial. Likewise, that the trial court was unwilling to treat the motion as a motion for new trial is not determinative if, fairly viewed, the motion sought relief under ORCP 64.

For the foregoing reasons, we conclude that plaintiff's motion to reconsider was a motion for new trial within the meaning of ORCP 64 F(2) and ORS 19.270(1)(d) (relating to whether the trial court retains jurisdiction notwithstanding filing of notice of appeal to decide motion for new trial), and ORS 19.255(2)(a) (relating to when notice of appeal must be filed if a motion for new trial is timely filed).[5]

## WHETHER APPELLANT MUST TIMELY FILE NEW NOTICE OF APPEAL TO PERFECT THE APPEAL

■    As noted above, plaintiff filed a notice of appeal within 30 days of the date of entry of the judgment, but while plaintiff's timely filed motion for new trial was pending. The filing of the motion for new trial caused the notice of appeal to be premature because, under ORS 19.255(2), when a timely motion for new trial is filed, the commencement of the appeal period does not begin to run until disposition of the motion for new trial. *Welker*, 332 Or at 312-13 ("notice of appeal filed before the time to appeal begins to run is jurisdictionally defective"); *Alternative Realty v. Michaels*, 90 Or App 280, 286-87, 753 P2d 419 (1988) (same).

Further, in *Welker*, in the course of dismissing the appeal, the court noted that, because of the prematurely filed notice of appeal, the trial court was deprived of jurisdiction to

---

[5] Hereinafter, plaintiff's motion to reconsider will be referred to as "motion for new trial."

decide the motion for new trial and there could be no resolution of the motion until the trial court regained jurisdiction.[6] *Welker*, 332 Or at 313. That principle goes at least as far back as *Johnson v. Assured Employment*, 277 Or 11, 14, 558 P2d 1228 (1977) ("The great weight of authority of both old and recent cases is that a premature appeal will not * * * ripen and that if the party attempting to appeal does not file a new notice of appeal when the impediment to ripeness is removed, the appellate court lacks jurisdiction.").

However, in House Bill 2368 (2007), the legislature amended ORS 19.270(1) to add to the list of actions that a trial court may exercise during the pendency of an appeal the jurisdiction to "[decide] a motion for new trial under ORCP 64." Or Laws 2007, ch 66, § 1. For that reason, unlike the situations that obtained in *Johnson* and *Welker*, here, the motion for new trial could be decided by the trial court during the pendency of the appeal and without the need to dismiss the appeal.[7] Consistently with ORS 19.270(1) in its current form, we did not dismiss this appeal, but, rather, awaited the trial court's disposition of the motion for new trial.

That the motion for new trial was decided after plaintiff's notice of appeal from the judgment was filed does not resolve the question of whether, after the motion was

---

[6] As the court explained in *Baugh v. Bryant Limited Partnerships,* 312 Or 635, 641, 825 P2d 1383 (1992),

"[b]efore the enactment of ORS 19.033(4) in 1985, there was no way that the Court of Appeals could keep a case pending on the appellate level if that court determined that the 'judgment' appealed from did not comply with a variety of requirements. The court could only dismiss the appeal."

(Citations omitted.)

[7] Because the trial court mistakenly determined that the motion to reconsider was not a motion for new trial, the trial court also mistakenly denied the motion on the ground that it lacked jurisdiction to rule on the merits of the motion. Plaintiff suggests that, if we determine that the motion in substance was a motion for new trial and thus the trial court had jurisdiction to rule on its merits, we should remand the case to the trial court for a ruling on the merits. We decline the invitation because, as we noted above, 242 Or App at 427 n 1, under ORCP 64 F, the motion was deemed denied by operation of law when the trial court failed to rule on the motion within the prescribed time. Plaintiff's reliance on *Johnstone and Johnstone*, 152 Or App 801, 955 P2d 762 (1998), is misplaced. In that case, the court merely noted that, under the extant law, following dismissal of the appeal, the trial court would regain jurisdiction to rule on the pending motion for new trial in that case.

decided, plaintiff was required to file a new notice of appeal. There are two indicia that the answer is yes. First, ORS 19.255(2) contemplates the filing of a notice of appeal: "If a motion for a new trial is filed and served within the time allowed by ORCP 64, * * * *a notice of appeal must be served and filed*" within the time specified in ORS 19.255(2)(a) or (b). (Emphasis added.) Second, when HB 2368 was before the 2007 legislature, the following exchange took place between the chair of the House Judiciary Committee and a witness testifying in support of HB 2368:

> "[Witness]: Under current law, when a motion for a new trial or a motion for a judgment [notwithstanding the verdict] is timely filed, that renders the judgment non-final until the motion is disposed of, so in many of these cases we'll probably have to dismiss the appeal anyway. But at least while we're in the process of doing that, the 55-day period will continue to run, and we won't have this stopping and starting, which has just caused so much confusion amongst people who don't have lawyers and even amongst many lawyers [who] don't really understand how this stop and start thing works.

> "MacPherson: So, is the effect to sort of start over the 30 days, so if somebody files a notice of appeal with the Court of Appeals, but then after that a JNOV motion is made, that means that until that motion is decided, the time for the appeal doesn't start to run? I understand the effect of the bill is to give the trial court jurisdiction to hear the motion, their jurisdiction hasn't been taken away by the fact that the notice of appeal was filed, but it sounds like what the consequences of filing that motion is that that the appellate court can't proceed with the appeal and that the time for filing a notice of appeal from the original trial court judgment doesn't start to run until the motion is disposed of.

> "[Witness]: That is correct, Mr. Chair."

(Audio Recording, House Committee on Judiciary, HB 2368, Feb 6, 2007, at 25:49, http://www.leg.state.or.us/listen (accessed Apr 14, 2011).

To the extent that the witness assumed that, when a premature notice of appeal had been filed, the appellant must file a new notice of appeal after the motion for new trial

has been resolved, he was mistaken because he failed to take into account two Supreme Court decisions. In *Gillespie v. Kononen,* 310 Or 272, 797 P2d 361 (1990), the tenant in a forcible entry and detainer action prevailed and obtained an order of dismissal. The tenant sought an award of attorney fees, which the trial court denied, also by order. *Id.* at 274-75. The tenant filed notice of appeal from the attorney fees order within 30 days of the date of entry of the order. *Id.* at 275. On appeal, we noted that the appealability of the trial court decision regarding attorney fees was predicated on the existence of a judgment disposing of the action, and granted the trial court leave to enter a judgment disposing of the action. *Gillespie v. Kononen,* 98 Or App 62, 64-65, 778 P2d 963 (1989). The trial court entered an order denying the tenant's motion requesting entry of a judgment. The tenant did not file notice of appeal from that order, and we dismissed the appeal. *Id.*

On review, the Supreme Court reversed. The Supreme Court treated the trial court's order denying the tenant's motion to enter a judgment as a prejudgment order that prevented entry of judgment under *former* ORS 19.010(2)(a).[8] *Gillespie,* 310 Or at 279. The Supreme Court held that the order was appealable, and that the order denying attorney fees became an interlocutory order to which the tenant could assign error under *former* ORS 19.140 (now ORS 19.425). *Id.* The Supreme Court so held, even though the tenant had not filed notice of appeal from the trial court's order that the Supreme Court determined was an appealable decision.

The second case is *Baugh v. Bryant Ltd. Partnerships,* 312 Or 635, 825 P2d 1383 (1992). In that case, the plaintiffs appealed from a judgment that this court determined was not "final" because it did not dispose of the defendants' counterclaims.[9] *Id.* at 639. This court granted the trial court leave

---

[8] ORS 19.010 was recodified in 1997 as ORS 19.205; *former* ORS 19.010(2)(a) is now ORS 19.205(2).

[9] Because the 2003 amendments to ORS 18.005 define a "judgment" as the "concluding decision" in an action, we refer to a "conclusive" judgment rather than a "final" judgment, when the judgment disposes of all claims in an action. ORS 18.005(8).

under *former* ORS 19.033(4) to enter an appealable judgment.[10] *Id.* at 640. Our order required the plaintiffs to file an amended notice of appeal not later than 45 days after the date the trial court entered a conclusive judgment. *Id.* at 638. The trial court entered an appealable judgment, and the plaintiffs filed an amended notice of appeal from that judgment within the 45-day period prescribed in our order. *Id.* at 639. The defendants moved to dismiss the appeal on the grounds that the amended notice of appeal was untimely filed. *Id.* at 640. On appeal in this court, we noted that the plaintiffs had filed their amended notice of appeal more than 30 days after the date of entry of judgment, and that *former* ORS 19.023 (now ORS 19.225) required that the notice of appeal be filed within 30 days of the date of entry of judgment. *Baugh v. Bryant Limited Partnerships*, 104 Or App 665, 672, 803 P2d 742 (1990). We held that the 30-day appeal period was jurisdictional, and we did not have authority to disregard that jurisdictional requirement by purporting to give the appellant 45 days to file notice of appeal from the only appealable judgment entered in the case. *Id.*

On review, the Supreme Court reversed, holding that the filing of a new notice of appeal after entry of the judgment was not jurisdictionally required. *Baugh*, 312 Or at 644. First, the court stated that "ORS 19.033(4) presupposes that the Court of Appeals already has jurisdiction in the circumstances there stated and that it retains that jurisdiction when an inadvertently defective judgment is corrected." *Id.* at 642. Second, the court held that, because *former* ORS

---

[10] ORS 19.033 was renumbered as ORS 19.270 in 1997; *former* ORS 19.033(4) is now ORS 19.270(4):

"Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

In this opinion, we refer to *former* ORS 19.033(4) when we are discussing cases decided when that was the extant version, and to ORS 19.270(4) when we are discussing the same provisions after recodification as ORS 19.270(4).

19.033(4) did not require the filing of a new or amended notice of appeal after entry of an appealable judgment, no additional notice of appeal was required as a matter of jurisdiction. *Id.* at 643-44. The court relied heavily on its decision in *Gillespie*, characterizing that case as standing for the proposition that this court

> "[P]ossesses and retains jurisdiction over an appeal if: (1) a notice of appeal from a non-appealable order or purported judgment is timely served and filed; (2) the Court of Appeals gives the trial court leave to enter an appealable judgment pursuant to ORS 19.033(4); and (3) the trial court refuses to enter an appealable judgment in a circumstance that amounts to an order preventing a judgment."

*Baugh*, 312 Or at 643.

This case is like *Gillespie* and *Baugh* in that the notice of appeal was filed prematurely under circumstances within ORS 19.270(4). This case is unlike those cases, however, in that this court had no need to grant the trial court leave to enter the judgment, because, under ORCP 64 F(2) and ORS 19.270(1)(d), the trial court retained jurisdiction to decide the motion for new trial, and the time to file a notice of appeal from the judgment commenced without this court granting the trial court leave under ORS 19.270(4). The question becomes, what effect, if any, does not granting the trial court leave under ORS 19.270(4) have on whether an appellant is required to file a new notice of appeal after the motion for new trial was decided?

In summarizing the holding of *Gillespie*, the court in *Baugh* suggested that the act of the Court of Appeals granting the trial court leave to enter an appealable judgment pursuant to *former* ORS 19.033(4) was an essential element of this court possessing and retaining jurisdiction. *Baugh*, 312 Or at 643-44. But, as noted, this case differs from *Baugh* and *Gillespie* in that, in those cases, the time period for filing a notice of appeal could not begin to run unless this court dismissed the appeal and issued the appellate judgment, or granted the trial court leave under *former* ORS 19.033(4) to enter an appealable judgment. By contrast, here, because the trial court retained jurisdiction notwithstanding the filing of a notice of appeal to rule on the motion for new trial, the time

for filing the notice of appeal began to run during the pendency of the appeal and by operation of law. The question becomes whether this court "possesses and retains" jurisdiction where, as here, the notice of appeal was filed prematurely, but the time for filing the notice of appeal began to run without this court granting leave under ORS 19.270(4).

*Welker* provides some guidance in that respect. In that case, the motion for new trial was filed the day after entry of judgment, followed by the filing of a notice of appeal within 30 days of the date of entry of judgment and before the trial court disposed of the motion for new trial. 332 Or at 309. That case predated the 2003 amendments to ORCP 64 F and ORS 19.270(1) that would have allowed the trial court to rule on the motion for new trial despite the filing of the notice of appeal, so the court was required to dismiss the appeal. *Id.* at 315. It is significant that the parties in *Welker* asked the court to grant the trial court leave under ORS 19.270(4) to enter an appealable judgment. *Id.* at 313. The court declined that request on the ground that, because the trial court had jurisdiction to enter the judgment when it did so, and because the judgment was appealable in form and substance when entered, the case did not fit the criteria of ORS 19.270(4). *Id.* at 314.

*Welker*, read in connection with *Gillespie* and *Baugh*, supports the proposition that this court has jurisdiction to decide the merits of an appeal from a trial court decision without first requiring the filing of a new notice of appeal,[11] if: (1) when the initial notice of appeal was filed, the trial court intended to enter an appealable judgment, but (2) the notice of appeal was premature, *i.e.*, when the initial notice of appeal was filed, the judgment was defective in form, the filing of the notice of appeal deprived the trial court of jurisdiction under ORS 19.270(1) to enter the judgment, the trial

---

[11] The Supreme Court held in *Baugh*, 312 Or at 644-45, that this court could, by order, require the filing of a new or amended notice of appeal within a specified period of time, and could dismiss for failure to comply with such a requirement, but the dismissal would be for failure to prosecute the appeal and not a matter of jurisdiction. Presumably, such a requirement could be imposed by rule of appellate procedure, consistently with the last sentence of ORCP 64 F(2), which provides that "[a]ny necessary modification of the appeal required by the court order shall be pursuant to rule of the appellate court." However, the appellate courts have not adopted any such rule.

court had not yet entered a judgment, or a party had timely filed a motion for new trial and the motion had not yet been disposed of under ORCP 64 F(2).[12]

When plaintiff filed its initial notice of appeal in this case, the trial court, with jurisdiction to do so, not only intended to enter, but actually had entered, a judgment that conclusively disposed of all claims, and the notice of appeal was premature solely because of the pendency of a timely filed motion for new trial. The motion was deemed denied during the pendency of the appeal; therefore, as was the situation in *Gillespie* and *Baugh,* this court retained jurisdiction to decide the appeal without the filing of a new notice of appeal.

Motion for determination of jurisdiction granted; the court determines that it has jurisdiction of the appeal; appeal to proceed.

---

[12] The purposes of ORS 19.270(4), as recited in *Baugh,* 312 Or at 641-42, ("[T]he legislature intended to reduce the number of pitfalls for litigants and to reduce the number of situations in which appeals would be dismissed on procedural grounds." (Footnote omitted.)), are similar to the purposes of the amendments to ORCP 64 F and ORS 19.270(1)(d), as characterized by the testimony of the witness set out above, 242 Or App at 432—that is, to avoid the procedural and jurisdictional pitfalls that arose under the former statutory and rule regime.