158 March 5, 2013 No. 22

IN THE OREGON TAX COURT
REGULAR DIVISION

John A. OCHSNER IV,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5155)

Plaintiff appealed from a Magistrate Division decision in a case, brought by a corporation, which denied property tax exemption for real property in Yamhill County. Defendant (the department) moved to dismiss Plaintiff's complaint on the grounds that Plaintiff, an individual, was not a party to the Magistrate Division case and was neither aggrieved by nor affected by the magistrate's decision. Defendant also argued that in addition, Plaintiff was not a corporation eligible for property tax exemption, nor was he liable for payment of tax on the subject property and therefore he had no standing to take an appeal to the Regular Division. Granting the department's motion, the court ruled that if the Magistrate Division corporate plaintiff was obligated to pay tax imposed on the property, (a fact about which the record and the decision of the magistrate was silent) Plaintiff would have no statutory right of appeal under ORS 305.275 or any other statute. Alternately, if Plaintiff was the property owner obligated to pay the tax imposed on the property, he would have been the proper party plaintiff in the Magistrate Division and as such, the Magistrate Division would not have had jurisdiction in the matter. In either event, Plaintiff had no standing and the complaint was dismissed.

Submitted on Defendant's Motion to Dismiss.

John A. Ochsner IV, Plaintiff, filed a response *pro se*.

Melisse S. Cunningham, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered March 5, 2013.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the Motion to Dismiss of Defendant Department of Revenue (the department) and the Motion for Summary Judgment and Alternative Motion of Plaintiff.

Plaintiff states here and stated in the Magistrate Division proceeding that he owns certain real property that

is leased to Catland, a not-for-profit corporation. Catland claimed an exemption from property tax. The county assessor for Yamhill County denied that exemption request. Catland then appealed to the Magistrate Division. The magistrate hearing the case ruled in favor of the county assessor.

Plaintiff then filed this appeal with the Regular Division in his own name. The department, the named defendant in the Regular Division, has moved to dismiss the complaint on the grounds that Plaintiff had and has no right to appeal a decision of a magistrate in a proceeding in which he was not a party. Plaintiff has responded and separately filed a Motion for Summary Judgment and Alternative Motion to which the department objects.

This case could only have been brought to the Magistrate Division under the provisions of ORS 305.275(1)(a)(C) providing for appeal from a denial of exemption request and then only if, as provided in ORS 305.275(1)(b), Catland was, under its lease of the property, obligated to pay the tax imposed on the property.[1]

If Catland was obligated to pay the tax imposed on the property, it was the proper party plaintiff in the Magistrate Division and, as such was the party to take any appeal from a decision of the magistrate under ORS 305.501(5)(a) and would have standing to appeal under ORS 305.570(1)(b). In those circumstances Plaintiff here would have no statutory right of appeal.

Alternatively, if Catland was not obligated to pay tax imposed on the property, a fact about which the record and the decision of the magistrate is silent, it would have had no statutory right of appeal under ORS 305.275 or any other statute. In that event, the Magistrate Division was without jurisdiction and the decision of the magistrate was void and there was nothing from which an appeal to the Regular Division could be taken.[2]

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011. In his papers Plaintiff mistakenly identifies himself as a taxpayer. Taxes on real property in Oregon are *in rem* obligations as to which there is, generally, no personal liability. *See Douglas County v. Smith*, 18 OTR 450 (2006).

[2] The court recognizes that this alternative was not an issue raised by either party in this division or in the Magistrate Division. The court must, however,

As can be seen from the foregoing analysis, in all events Plaintiff in this matter has no basis on which to proceed. The Motion to Dismiss of the department is granted. The motions of Plaintiff are denied as moot. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted; and

IT IS FURTHER ORDERED that Plaintiff's motions are denied as moot.

---

raise and resolve the issue of jurisdiction, whenever it appears. In this instance the court raises the issue as one of two possible factual circumstances and, as will be seen, as a way of demonstrating that in no event may the plaintiff shown on the pleadings under consideration proceed in this division.