IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DANIEL E. STEIMLE,                    )

                                  )

        Plaintiff,             )    TC-MD 150363N

                                  )

     v.                       )

                                  )

DEPARTMENT OF REVENUE,    )

State of Oregon,             )

                                  )

        Defendant.       )    **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered February 3, 2016. The court did not receive a statement of costs and

disbursements within 14 days after its Decision of Dismissal was entered. *See*

TCR-MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed

January 6, 2016. As of the date of this Order, Plaintiff has not filed a response to Defendant's

Motion.[1]

A.    *Factual Background*

Plaintiff filed his Complaint June 26, 2015, and attached a Notice of Deficiency, dated

May 11, 2015, for the 2012 tax year. Plaintiff stated his requested relief as follows: "That the

Court would find that the taxpayer was a resident of the respective states that he worked in

during the 2012 tax year." (Compl at 1.) A Notice of Deficiency Assessment was issued on

June 30, 2015. (Def's Mot at 1.) Defendant's Answer was filed July 27, 2015, and included

only one affirmative defense: "The Complaint [was] not signed, as required by TCR 17A."

(Answer at 1.) A case management conference was held on August 12, 2015, during which

---

[1] The deadline for Plaintiff's response was January 19, 2016. *See* TCR-MD 7 D(1); TCR 10 A(1).

Plaintiff's counsel stated that the illegible pen mark on the Complaint was his signature. The court accepted Plaintiff's counsel's statement and issued a Journal Entry on August 13, 2015, to provide a written record of the statements made at the case management conference. During the case management conference, the parties agreed to schedule trial on February 17, 2016.

B.    *Defendant's Motion*

As stated above, Defendant filed its Motion on January 6, 2016. Defendant made the following statement in support of its Motion: "No appeal of the June 30 assessment was filed within 90 days as required by ORS 305.280(2). * * * An assessment, and not a Notice of Deficiency, is an appealable act. ORS 305.265(15); *see also* ORS 305.280." (Def's Mot at 1.) Defendant also cited several Magistrate Division decisions supporting the proposition that "[a] notice of deficiency is not an appealable act, and therefore does not create a right of appeal." (*Id.* (quoting *Nungaray v. Dept. of Rev.*, TC-MD 101005C, WL 4816078 at *1 (Nov 29, 2010) (internal quotation marks omitted).)

C.    *Statutes Involved*

ORS 305.265 sets forth the procedures to be used by the Department of Revenue (department) when it assesses a tax deficiency and describes the various avenues of appeal afforded to taxpayers.[2] "If the department discovers from an examination or audit of a report or return or otherwise that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the deficiency, plus interest and any appropriate penalty." ORS 305.265(2). "Within 30 days from the date of the notice of deficiency," the person given notice must either pay the deficiency plus penalty and

/ / /

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

interest, or "advise the department in writing of objections to the deficiency, and may request a conference with the department * * *." ORS 305.265(5)(b).

> "If neither payment nor written objection to the deficiency is received by the department within 30 days after the notice of deficiency has been mailed, the department shall assess the deficiency, plus interest and penalties, if any, and shall send the person a notice of assessment, stating that amount so assessed, and interest and penalties. The notice of assessment shall be mailed within one year from the date of the notice of deficiency unless an extension of time is agreed upon as described in subsection (8) of this section. The notice shall advise the person of the rights of appeal."

ORS 305.265(7). "If the deficiency is paid in full before a notice of assessment is issued, the department is not required to send a notice of assessment, and the tax shall be considered as assessed as of the date which is 30 days from the date of the notice of deficiency or the date the deficiency is paid, whichever is later." ORS 305.265(14). "Appeal may be taken to the tax court from any notice of assessment. The provisions of this chapter with respect to appeals to the tax court apply to any deficiency, penalty, or interest assessed." ORS 305.265(15).

Appeals to the Oregon Tax Court are governed by statute. The Oregon Tax Court, "in cases within its jurisdiction pursuant to ORS 305.410 * * * [i]s a court of record and of general jurisdiction, not limited, special or inferior jurisdiction." ORS 305.405(1). The Oregon Tax Court has jurisdiction to hear and determine "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1); *see also Sanok v. Grimes*, 294 Or 684, 691, 662 P2d 693 (1983) ("Although the Oregon Tax Court is a court of general rather than limited powers, exercising all remedies of a circuit court, it only has authority to adjudicate those cases and issues properly before it.")

In most instances, appeals filed with the Oregon Tax Court are first heard by a Tax Court magistrate. *See* ORS 305.501(1). ORS 305.275(1) describes the requirements that a taxpayer must generally meet to have standing to appeal to the Magistrate Division:

"Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:

"(a) The person must be aggrieved by and affected by an act, omission, order or determination of:

"(A) The Department of Revenue in its administration of the revenue and tax laws of this state;

"* * * * *

"(b) The act, omission, order or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property. As used in this paragraph, an interest that obligates the person to pay taxes includes a contract, lease or other intervening instrumentality."

"(c) There is no other statutory right of appeal for the grievance."

Finally, ORS 305.280 provides statutory deadlines for the filing of appeals in the Magistrate Division. "An appeal * * * from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter * * * shall be filed within 90 days after the date of the notice." ORS 205.380(2). "Notwithstanding subsection (2) of this section, an appeal from a notice of assessment of taxes imposed under ORS chapter 314, 316, 317 or 318 may be filed within two years after the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid." ORS 305.280(3).

D.      *Whether Defendant's Motion is Properly Before the Court*

Generally, a motion to dismiss a complaint for reasons including the timeliness of the complaint must be made in the defendant's responsive pleading. *See* TCR-MD 2 B; TCR 21 A[3].

"A defense * * * that the action has not been commenced within the time limited by statute is

---

[3] The court's references are to Tax Court Rule-Magistrate Division (TCR-MD) and Tax Court Rule (TCR).

waived if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof." TCR 21 G(2). By contrast, the court's jurisdiction over the subject matter of an appeal may be raised by motion of the parties or by the court. *See* TCR 21 G(4); *see also McEwen et ux v. McEwen et al*, 203 Or 460, 470, 280 P2d 402 (1955) ("When want of jurisdiction appears at any stage of the proceedings it is the duty of the court, on its own motion, to refuse to proceed further.")[4]

> ORS 305.425(2) distinguishes between statutes of limitation and jurisdictional statutes:
>
> "If a statute provides for an appeal to or a review by the court of an order, act, omission or determination of the Department of Revenue, a board of property tax appeals or of any other administrative agency, the proceeding shall be an original proceeding in the nature of a suit in equity to set aside such order or determination or correct the act or omission. *The time within which the statute provides that the proceeding shall be brought is a period of limitations and is not jurisdictional*."

(Emphasis added.) For instance, the Oregon Supreme Court has concluded that ORS 305.560(1) and (3)—setting forth a 60-day time limit for service of a complaint on a taxpayer by the defendant—"constitute a statute of limitations." *Multnomah County v. Dept. of Rev.*, 325 Or 230, 234–235, 238, 935 P2d 426 (1997).[5]

To the extent that Defendant's Motion seeks to dismiss Plaintiff's Complaint as untimely, that defense was waived when Defendant failed to raise it in its Answer. *See* TCR 21 G(2). Defendant relied in part upon ORS 305.280(2) in its Motion. That statute provides a 90-day deadline for appeal from a notice of assessment issued by the Department of Revenue. The deadline for appeal in ORS 305.280(2) is a statute of limitation within the meaning of

---

[4] Although questions of jurisdiction may be raised at any time, the limited resources of the court and the parties are well served when such issues are promptly brought to the court's attention. *See Stadelman v. Dept. of Rev.*, TC 3890, WL 600806 at *1 (Oct 16, 1996) (stating that the issue of "standing" under ORS 305.560 "should be raised early in the proceedings.")

[5] *But see Ann Sacks Tile and Stone, Inc. v. Dept. of Rev.*, 352 Or 380, 392, 287 P3d 1062 (2012) (holding that "service in the prescribed manner is jurisdictional").

ORS 305.425(2) and is not jurisdictional. Thus, Defendant has waived any defense under ORS 305.280(2) because it failed to assert such defense in its Answer.

However, for the reasons discussed below, the court construes Defendant's Motion as a challenge to the court's subject matter jurisdiction over this appeal. To the extent that Defendant's Motion seeks to dismiss Plaintiff's Complaint based on lack of subject matter jurisdiction, the court must examine the issue and dismiss Plaintiff's Complaint if it concludes that it lacks subject matter jurisdiction. *See NW Alliance for Market Equality v. Dept. of Rev.*, 318 Or 129, 136–37, 862 P2d 1300 (1993) (because the plaintiff lacked "standing to appeal to the Tax Court under ORS 305.570(1)[,] * * * the Tax Court was without jurisdiction to consider the merits of" the appeal).

E.      *Whether the Court Has Jurisdiction Over Plaintiff's Prematurely Filed Complaint*

"An Oregon court has subject matter jurisdiction over a dispute if the constitution, a statute, or the common law tells the court to do something about the specific kind of dispute presented to the court." *Weatherspoon v. Allstate Ins. Co.*, 193 Or App 330, 334, 89 P3d 1277 (2004) (citing *School Dist No 1, Mult. Co. v. Nilsen*, 262 Or 559, 566, 499 P2d 1309 (1972)). ORS 305.410 defines the subject matter jurisdiction of the Oregon Tax Court to include "all questions of law and fact arising under the tax laws of this state." *See also Sanok*, 294 Or at 691–92.

/ / /

/ / /

/ / /

/ / /

/ / /

This court has held that the question of "standing" is jurisdictional.[6] *See Stadelman*, WL 600806 at *1 (holding that whether the named plaintiff owned the subject property was a question of "standing" under ORS 305.560 and that question was jurisdictional). ORS 305.275 provides who has standing to appeal to the Magistrate Division; thus, issues raised under ORS 305.275 pertain to the court's subject matter jurisdiction. *See, e.g., Ochsner v. Dept. of Rev.*, 21 OTR 158, 159 (2013) (stating that if the plaintiff "was not obligated to pay tax imposed on the property * * * it would have had no statutory right of appeal under ORS 305.275 or any other statute. In that event, the Magistrate Division was without jurisdiction and the decision of the magistrate was void * * *.").[7]

Defendant did not explicitly raise in its Motion a question of whether this court lacks jurisdiction under ORS 305.275. Rather, Defendant relied upon ORS 305.265(7) and (15) to support its argument that Plaintiff had no right of appeal. ORS 305.265(7) requires the Department of Revenue to assess the deficiency, plus interest and penalties, "[i]f neither payment nor written objection to the deficiency is received by the department within 30 days after the notice of deficiency has been mailed[.]" ORS 305.265(15) authorizes an appeal to be taken to the tax court "from any notice of assessment." It further states that "[t]he provisions of this

/ / /

---

[6] Similarly, with respect to appellate court jurisdiction, the Oregon Supreme Court has stated,

"Whether a right of appeal exists is a jurisdictional question. Unless an appeal is authorized by the statute, this court has no jurisdiction to consider it. Jurisdiction of the supreme court cannot be conferred by consent, agreement or waiver of the parties litigant."

*McEwen v. McEwen*, 203 Or 460, 470, 280 P2d 402 (1955).

[7] For purposes of appeals to the Regular Division, this court has determined that standing requirements are set forth in ORS 305.570. *See Village at Main Street Phase II, LLC v. Dep't of Rev.* (*Village*), 22 OTR 52, 56–57 (2015) (stating that "ORS 305.570 provides who has standing to appeal to the Regular Division").

chapter with respect to appeals to the tax court apply to any deficiency, penalty or interest *assessed*." (Emphasis added.)

Here, Plaintiff appealed from a notice of deficiency rather than a notice of deficiency assessment. Plaintiff's appeal was filed prematurely and the question becomes whether the court lacks subject matter jurisdiction over Plaintiff's appeal as a result.[8] A taxpayer may appeal to this court from a notice of deficiency if the taxpayer has paid the deficiency in full. *See* ORS 305.265(5)(b), (14); ORS 305.280(3).[9] In that case, the tax is "considered as assessed as of the date which is 30 days from the date of the notice of deficiency or the date the deficiency is paid, whichever is the later." ORS 305.265(14). When the taxpayer has not paid the deficiency in full, the taxpayer's right of appeal is from a notice of assessment. ORS 305.265(15). For income tax appeals, standing under ORS 305.275(1) requires a taxpayer to be aggrieved and affected by some action of the Department of Revenue. Reading ORS 305.265 and ORS 305.275(1) together, the court concludes that a taxpayer who has neither paid a deficiency in full nor received a notice assessing a deficiency is not yet aggrieved and affected by an act, order, omission, or determination of the department.[10]

Plaintiff has made no assertion that he paid the 2012 deficiency in full, in which case he would be permitted to appeal to the court from the Notice of Deficiency. As a result, the court concludes that Plaintiff had no right of appeal under ORS 305.265(15) and was not, therefore,

---

[8] The Oregon Court of Appeals has construed a defendant's "ripeness argument" to be "properly understood as a challenge to the trial court's subject matter jurisdiction * * *." *Beck v. City of Portland*, 202 Or App 360, 368, 122 P3d 131 (2005).

[9] ORS 305.280(3) refers to a "notice of assessment of taxes." However, it is evident from ORS 305.265(14) that, in some instances, a taxpayer will not receive a notice of deficiency assessment from the Department of Revenue and must appeal from a notice of deficiency.

[10] In reaching this conclusion, the court does not intend to comment on whether standing exists for appeals from any other acts, orders, omissions, or determinations of the Department of Revenue; the focus of this Decision of Dismissal is solely upon appeals from notices of deficiency and notices of deficiency assessment.

aggrieved under ORS 305.275(1). As discussed above, the Magistrate Division lacks subject matter jurisdiction to hear an appeal if the plaintiff lacks standing under ORS 305.275(1). Having concluded that Plaintiff was not aggrieved under ORS 305.275(1) when he filed his Complaint, the court concludes that it lacked subject matter jurisdiction over the appeal.

F.      *Whether Subsequent Events May Cure a Prematurely Filed Complaint*

The next question is whether the prematurity of Plaintiff's Complaint was cured when Defendant issued its Notice of Deficiency Assessment on June 30, 2015, four days after Plaintiff's Complaint was filed. The court is not aware of any decisions from this court directly addressing that question.[11] The Oregon Supreme Court has decided the issue in the context of appellate jurisdiction. In *Johnson v. Assured Employment, Inc.*, 277 Or 11, 14, 55 P2d 1228 (1977), the Oregon Supreme Court described the issue as "whether a premature appeal will ripen into a proper appeal when the reason for prematurity is subsequently removed." The court determined that "[t]he great weight of authority of both old and recent cases is that a premature appeal will not so ripen and that if the party attempting to appeal does not file a new notice of appeal when the impediment to ripeness is removed, the appellate court lacks jurisdiction." *Id.*

> "Few cases discuss the reasons for the majority rule. However, the apparent reasons revolve around (1) conflicts of jurisdiction between the trial and appellate court which result during the period following a premature appeal and prior to the removal of the impediment to ripeness; and (2) the confusion concerning the date from which the time schedules for complying with appellate procedures run."

*Id.* at 16.

/ / /

_____

[11] In *dela Rosa v. Department of Revenue,* 313 Or 284, 287 (1992), the Oregon Supreme Court concluded that the Tax Court "did not err" when it dismissed plaintiff's 1983 tax year appeal filed November 4, 1985, where the notice of deficiency assessment was not issued until September 5, 1986. *Id.* The Tax Court had upheld the Department of Revenue's dismissal of plaintiff's 1981 and 1983 appeals, explaining that the department "dismissed plaintiff's appeals because he did not appeal timely as required by the statutes." *dela Rosa v. Dept. of Rev.*, 11 OTR 201, 205–06 (1989). Thus, the basis for dismissal was the timeliness of the complaint, not subject matter jurisdiction.

The Oregon Court of Appeals distinguished *Johnson* and other Oregon Supreme Court opinions in *Association of Unit Owners of Timbercrest Condominiums v. Warren*, 242 Or App 425, 431, 256 P3d 146 (2011), based on a 2007 amendment to ORS 19.270(1) that gave trial courts the authority to decide a motion for new trial under ORCP 64 during the pendency of an appeal. Prior to the 2007 amendment, a prematurely filed appeal deprived the trial court of jurisdiction to decide a motion for new trial, so "there could be no resolution of the motion until the trial court regained jurisdiction." *Id.* at 430–31. Because the 2007 amendment authorized the trial court to decide the motion for new trial during the pendency of the appeal, the Court of Appeals concluded that it "retained jurisdiction to decide the appeal without the filing of a new notice of appeal." *Id.* at 437. The court explained that the plaintiff's initial notice of appeal "was premature solely because of the pendency of a timely filed motion for new trial" and that motion "was deemed denied during the pendency of the appeal[.]" *Id.*

The court is not aware of any statute that bars the Department of Revenue from issuing a notice of deficiency assessment as required under ORS 305.265(7) even though an appeal to the Tax Court has been filed.[12] Indeed, that is what occurred in this case. In that respect, this case is similar to *Timbercrest* and does not present a "conflict of jurisdiction" described in *Johnson*. However, the process for appealing to the Tax Court is established by statute and this court has concluded that it may not alter the statutory appeal process by rule or otherwise. *See Village*, 22 OTR at 56–57 (concluding that, under ORS 305.570, an appeal must be filed from the written decision of a magistrate and the Department of Revenue could not challenge a magistrate decision by counterclaim because that would circumvent the statutory appeal process).

---

[12] ORS 305.565(1) requires "proceedings for the collection of any taxes, interest or penalties resulting from an assessment of additional taxes imposed by ORS chapter 118, 310, 314, 316, 317, 318, 321 or this chapter" to be "stayed by the taking or pendency of any appeal to the tax court."

The court understands *Village* to require strict adherence to the statutory appeal process for appeals to the Tax Court. In this case, Plaintiff failed to follow the statutory appeal process by appealing prematurely from a notice of deficiency, rather than from a notice of deficiency assessment. Although the court finds the reasoning of *Timbercrest* somewhat persuasive, the court concludes that it is without authority to create exceptions to the statutory appeal process. Accordingly, the court concludes that Defendant's Motion must be granted and Plaintiff's Complaint must be dismissed.

G.      *Conclusion*

After careful consideration, the court concludes that Defendant's Motion to Dismiss must be granted because the court lacked subject matter jurisdiction under ORS 305.275(1) over Plaintiff's prematurely filed Complaint. The court further concludes that the prematurity of Plaintiff's Complaint cannot be cured in this case because the statutes require an appeal to be taken only from a notice of deficiency assessment and provide no mechanism for a premature appeal to be cured. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ＿＿ day of February, 2016.

                                                        _____
                                                        ALLISON R. BOOMER
                                                        MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 25, 2016.*